# LEIGH v. SMITH.

1. *Semble:* Where a plaintiff in attachment moves for judgment upon the written answer filed by a garnishee, it will be inferred that he accepted the answer, and waived an examination in open court.
2. Although a garnishee is required to appear, within the first four days of the term to which the garnishment is returnable, and answer on oath, &c.; yet no judgment can be rendered against him upon the answer, before the plaintiff has recovered a judgment against the defendant in attachment.
3. Where a garnishee has appeared and admitted in writing, that he is indebted to the defendant in attachment, it is more regular to render a judgment against the defendant and garnishee at the same term; but if it has been entered against the defendant only, it is competent for the court, at a subsequent term to render judgment against the garnishee; and this, although he has not been notified since the cause was disposed of as to the defendant, that a judgment would be moved for against him.

Writ of Error to the Circuit Court of Lawrence.

On the fifth of September, 1836, the defendant in error, caused an attachment to be issued against the estate of Achilles Barnett, returnable to the circuit court of Lawrence, which was levied in the hands of the plaintiff in error, by summoning him as a garni-shee. On the 19th of the same month, the garnishee appeared in open court, and answered on oath, " that he holds in his hands the sum of two thousand and eighty dollars in cash, belonging to the defendant." The defendant in attachment appeared and pleaded, and at the term of the circuit court holden in September, 1841, a judgment was rendered against him for twelve hundred and sixty dollars damages, and five hundred and fifty-four 16 1-4-100 dollars costs; but no judgment was then rendered against the garnishee. In October, 1841, an execution was issued against the garnishee, upon his answer admitting an indebtedness; this execution was levied, and a forthcoming bond taken. The bond being forfeited, an execution was issued thereupon, which upon the petition of the garnishee was superseded, and quashed at the September term, 1842, and at the same term, a judgment *nunc pro tunc* was rendered against the garnishee, for the amount of

the recovery against the defendant in attachment. To revise this last judgment, a writ of error has been sued out.

J. A. CAMPBELL, for the plaintiff in error.
S. PARSONS, for the defendant.

COLLIER, C. J.—The act of 1833, which was a substitute for all pre-existing laws on the subject, requires that a person summoned as a garnishee, shall appear at court within the first four days of the term, and answer on oath, what he is indebted to the defendant, &c. Upon this answer, the court is authorised to enter judgment against the garnishee for all sums acknowledged to be due, &c.

Although the statute makes it lawful to render judgment upon the appearance and examination of the garnishee, yet it has been decided, that this cannot be done until a judgment is rendered against the defendant in attachment; for that furnishes the only warrant for condemning the money in the garnishee's hands. [Gaines v. Beirne & McMahon, 3 Ala. Rep. N. S. 114.]

A debt attached in the garnishee's hands, it has been said should be considered as the defendant's property; [Duncan v. Ware's ex'rs, 5 Stew't and P. Rep. 119,] that the summoning one indebted to the defendant, is in legal effect, a levy of the attachment upon property, and equivalent to the personal service of process. [Thompson v. Allen, 4 Stew't and P. Rep. 184.]

The statute cited, authorises the rendition of a conditional judgment against the garnishee, if upon being called, he fail to appear and answer within the time prescribed; yet it has been holden that the neglect of the plaintiff to take such judgment, will not operate a discontinuance of the garnishment, so as to prevent any proceeding against the garnishee at the succeeding term. [Robinson & Davenport v. Starr, 3 Stew't Rep. 90.] And in Greer v. McGehee, [3 Porter's Rep: 398,] it was determined that under our statute no cause will be discontinued for the failure to enter a special continuance, that the effect of the statute is tacitly to do that, which such an order would effect.

In the present case, the attachment was only levied by summoning the plaintiff in error, as a garnishee, and the admission by him of an indebtedness, was sufficient to give jurisdiction to the circuit court. But it is objected that as the garnishee answered

in writing, and there is no evidence of the answer having been accepted by the plaintiff in attachment, it should have been entirely disregarded. It is true that the garnishee cannot avoid an examination in open court, by making upon oath and filing his answer to the inquiries contained in the process of garnishment; but the plaintiff may, as we have seen, waive his right to examine him by accepting such an answer. If the plaintiff proposes the answer, as the basis for the action of the court, this is sufficient to show that he accepted it. We need not, however, place the legality of the answer upon its acceptance by the defendant, for the form of it, we think indicates that it was drawn up in open court, and the attestation of the clerk affirms that it was there verified. Taking this to be true, it conforms to the statute, and the inference will be, that the answer as stated, is the result of an examination, or else all special inquiries were waived.

The levying an attachment in the hands of a debtor, is equivalent to the seizure of the defendant's property, and the rendition of a judgment against the garnishee, is in effect, but an order for an execution by which the debt already attached may be collected. The proceeding against the garnishee, is not regarded in the primary court as an independent suit, but as a mere consequence or appendage to the action, and intended to make it available. In this view we think that it is entirely competent for the court rendering judgment against the defendant in attachment to perfect the proceeding by condemning a debt admitted by a garnishee to be due, and rendering a judgment so that an execution may issue; and this too, although one or more terms may have elapsed after a judgment shall have been recovered in the cause. The judgment against the defendant impliedly assumed that the garnishee was indebted to him, as such an assumption was essential to the jurisdiction of the court, and the subsequent proceeding was intended merely to carry out and perfect what had been done but in part.

It was not necessary to the legality of the judgment against the garnishee, that it should have been entered *nunc pro tunc;* in fact as no order was made upon the matter at the previous term, perhaps such a judgment would not be technically correct; yet it cannot be vitiated by form, and so much as is unnecessary may be rejected as surplusage.

In respect to the objection, that it does not appear that notice was given to the garnishee, that a motion would be made for a judgment upon his answer, it may be remarked, that the levy of the attachment had never been discharged in fact, and what we have said, shows that the judgment against the defendant, did not operate to discharge it. The garnishee was then in court, and no notice was necessary. In Wilkerson and another v. Branham, at the present term, it was held, that an order permitting the substitution of a declaration, at a term subsequent to that at which judgment was rendered, was not erroneous, because no notice was given to the defendant. And the court cite with approbation the lessee of Walden v. Craig's heirs, et al. [14 Peters' Rep. 154,] in which it is said that the parties, after judgment, are still in court, on a motion to amend, or on any other motion or order which may be necessary to carry the judgment into effect; and that the general rule which declares a motion to be necessary to enable the court to exercise jurisdiction, does not apply to such a case.

The consequence is, that the judgment of the circuit court is affirmed.

ORMOND, J.—Not sitting.