# PRICE v. THOMASON.

1. Where a judgment is rendered discharging a garnishee, without setting out his answer *in extenso*, but affirms that he has filed one which is the basis of the judgment, this is sufficient to authorize an appellate court to look to an answer found in the transcript, as a part of the record.

2. The garnishee answered at the return of the garnishment, that he purchased of the defendant certain property, under a deed of trust to a third person to secure a sum of money of a greater amount than the value of the property, for which he executed his bonds for $500, payable at future times, which are particularly stated; these bonds it was agreed might be discharged in cash, or by paying the vendor's debts. Previous to the service of the garnishment, the garnishee extinguished some demands against the vendor, but to what amount he is unable to state. The deed of trust is still an incumbrance on the property, and the debt, or a part of it, mentioned therein, is still unsettled. Garnishee may have received some things from the defendant that are not embraced by the deed of trust, but the value of these would not more than compensate him for services rendered to the defendant, and the board of his family before the service of the garnishment: *Further*, that he does not consider that he owes the de-

fendant any thing; that he has not, nor did he have any of his effects in his hands when the garnishment was served; nor does he know of any person who is indebted to him, or has any of his effects: *Held*, that it cannot be intended that the answer was designedly evasive, or intended to avoid a legal responsibility; that although it should have been more precise and explicit, if possible to make it so, yet the defects in this respect, may be attributable to some other cause than an intention to deceive the plaintiff or impose on the court; that if the plaintiff was dissatisfied with it, he should have examined the garnishee or controverted its truth. Therefore, a judgment discharging the garnishee on such an answer, will not be reversed on error.

3. The amendment of a judgment discharging the garnishee *nunc pro tunc,* by setting out his answer at length, which was previously a part of the record, is no ground for the reversal of the judgment.

Writ of Error to the Circuit Court of Perry.

THE defendant in error was summoned as a garnishee in February, 1844, to answer upon oath what he was indebted to Samuel G. Stewart, &c. against whose estate an attachment had been issued at the suit of the plaintiff. At the term of the circuit court to which the garnishment was returned, the garnishee answered, that about the 4th December, 1843, he purchased of the defendant in attachment five negroes and other property, all of which was made a deed of trust to Peter J. Knight, to secure certain sums of money, amounting to more than the property was worth, for which he executed to his vendor two bonds—the first due the 4th day of December, 1844, and the other at longer time. By these bonds the garnishee promised to pay the obligee $5000, which might be discharged, either in cash or by paying his debts. Before the garnishment was served, the garnishee had extinguished some demands against Stewart—to what amount he is unable to say. The deed of trust is yet an incumbrance on the property, and the claims, or a part of them, mentioned therein, are yet unsettled. Garnishee may have received some few things from Stewart that were not embraced by the deed to Knight; but not more than would compensate him for services rendered to Stewart, and for the board of his (Stewart's) family before he was served with the

garnishment; and that he does not consider that he owes the defendant in attachment until the incumbrance is removed: *Further*, that he has not, nor did he have any of the effects of Stewart in his hands when the garnishment was served; nor does he know of any person who is indebted to him, or has any of his effects.

At the term when the answer was made, a judgment was rendered reciting that the plaintiff came by his attorney, and the garnishee having filed his answer, was thereupon discharged. "It is therefore considered by the court, that said garnishee go hence without day and recover of the said plaintiff the costs of suit in this behalf expended," &c. Afterwards, at the fall term, 1846, of the circuit court, an entry was made, reciting that the plaintiff by attorney moved the court to amend the judgment of discharge of the garnishee, rendered at the spring term, 1844, *nunc pro tunc*. Which motion was accordingly granted.

B. F. PORTER, for the plaintiff in error, insisted that the garnishee was discharged on an answer palpably evasive, and framed studiously to admit an indebtedness, and avoid a judgment. It was not permissible two and a half years after his discharge for the garnishee to avoid the consequences of his evasion by amending his answer. [3 Stew. Rep. 139.] A judgment *nunc pro tunc* must be founded on matter of record. [2 Stew. Rep. 470.]

E. W. PECK, for the defendant in error. A garnishee may be allowed to amend his answer, but whether leave should be granted or not, cannot be revised on error. [6 Ala. Rep. 818.] The answer does not admit an indebtedness, and it could not be known whether the garnishee would owe the defendant in attachment any thing, until the lien of the deed of trust was discharged. [4 Ala. Rep. 385; 6 Id. 818.] If the plaintiff had any remedy, it was in equity, where the rights of the parties could be adjusted.

COLLIER, C. J.—In Presnall v. Mabry, 3 Port. R. 105, this court say, "It is a clear principle of law, that a judgment cannot be rendered on the answer of a garnishee, a-

gainst him, unless there is a distinct admission of a legal debt, either due or to become due by him to the defendant in the original suit." And where the garnishee answered, that he was indebted to the defendant in attachment by note, but had sets off, and could not know until a settlement was had, how the balance was, it was held that the plaintiff could not have judgment. [1 Stew. R. 9.] So where the garnishee admitted that he was indebted to the defendant in attachment in a certain sum to be discharged in *store accounts*, then due, a judgment against him was refused—this court remarking, that the plaintiff's remedy was in equity to have the accounts assigned and collected for the satisfaction of his judgment. [Smith v. Chapman & Brothers, 6 Port. R. 365; see also, 1 Ala. R. 421.] In Scales v. Swan, 9 Port. R. 163, it was said the court was not bound to receive a written answer—the statute giving to the plaintiff, if he desires it, the right to examine the garnishee in open court; although, for the sake of convenience and despatch of business, such an examination may be waived. The court however is not bound to receive any evasive written answer, but may consider it a nullity, and enter an interlocutory judgment. Where the defendant moves for judgment upon the written answer filed by the garnishee, it will be inferred that he accepted it, and waived an examination in open court. [Leigh v. Smith, 5 Ala. Rep. 583.] And if, instead of being active, he permits the court without objection, to render a judgment discharging the garnishee, he must be held not to have intended to controvert its truth, and dispensed with any further examination.

Here the first judgment which was rendered, discharged the garnishee, although it does not set out his answer *in extenso*, affirms that he has filed his answer, which was the basis of the judgment in his favor. This is quite sufficient to authorize us to look to the answer found in the transcript as a part of the record. [3 Ala. R. 114; 4 Id. 385; 5 Id. 583; 6 Id. 73.] The material question then is, would the court have been warranted upon the answer in rendering a judgment against the garnishee. Where a garnishee admitted that he was indebted to the defendant in the sum of $800, from one to two hundred dollars of which was discharged in

saddlery, it was held that the plaintiff was not entitled to an unconditional judgment against the garnishee for eight hundred dollars; but the question is asked, if the court could have delayed proceeding to afford the garnishee opportunity to deliver the saddlery according to his contract; or could the entire debt have been condemned with a reservation to the garnishee of the right to deliver the saddlery to the sheriff, and *pro tanto* discharge the judgment. [5 Ala. R. 648; see also 6 Ala. R. 818.]

The answer in the present case cannot be considered so evasive and indirect as to have required the court to reject it, if there was no objection to its reception by the plaintiff. The garnishee states his purchase from the defendant in attachment, the price agreed, and how and when it was to be paid, affirms, without expressing the amount of the incumbrance, that the debts intended to be secured exceeded the value of the slaves and other property. He affirms that the bonds given for the purchase money were payable in cash, or in liabilities against the defendant, of which the garnishee might become the proprietor. He had paid some debts of the defendant, but the amount he could not state. It is further answered, that the incumbrance of the deed of trust still continues, and that the debts, or a part or them, provided for by it are yet unsettled; and until this incumbrance is removed, he does not consider that he owes any thing to the defendant.

We think that it cannot be assumed, in respect to this answer, that it was intentionally evasive, and was framed with the view of avoiding a legal responsibility. True, the answer should have stated with precision the amount for which the property was incumbered, the balance due thereon, if the garnishee was aware of it, and the amount of liabilities against the defendant, which he had extinguished. Yet the omissions in this respect may be attributed to some other cause than an intention to deceive or impose on the plaintiff, or the court.

The plaintiff, as the record affirms, must be presumed to have been in court when the answer was made, and if dissatisfied with it, should have examined the garnishee, or controverted its truth. It was certainly the duty of the court,

if our previous decisions are to be followed, to have render-ed the judgment in favor of the garnishee. In the predica-ment of the record, the acceptance of the answer without ob-jection, must be intended.

There is nothing in the record to indicate that the garni-shee ever amended his answer, either by adding to, or substi-tuting another in its stead. The only change in the record, after the garnishee was discharged, was to set out his answer at length *nunc pro tunc*, in the judgment; and this appears to have been done on the plaintiff's motion. But if this a-mendment had been made at the garnishee's instance, whe-ther properly or not, it was altogether harmless, and would furnish no ground for the reversal—the reference to the an-swer in the judgment as originally rendered, we have seen, made it a part of the record, and copying it into the judg-ment entry could do no more. The judgment of the circuit court is consequently affirmed.