## CALHOUN, BULL & CO. *v.* T. P. WARE.

1. ATTACHMENT: AGAINST NON-RESIDENTS: PUBLICATION OF NOTICE NOT NECESSARY.—In cases of attachment against non-resident debtors, publication of notice is not necessary to the validity of the judgment. The matter of publication is discretionary with the court, the seizure of the attached property being notice in law to all parties having an interest in it. See *Ridly* v. *Ridly*, 24 Miss. R. 654.

2. SAME: JUDGMENT FINAL CANNOT BE ENTERED UNTIL AFTER SIX MONTHS FROM THE RETURN DAY OF THE ATTACHMENT.—The statute (Hutch. Dig., p. 804, § 15) expressly requires that, in cases of attachment against the estate of non-residents, "the court, in which the same may be pending, shall stay all proceedings in such suit, for such time as it may think necessary; not less than six months, nor exceeding one year, from the return day of the attachment." This provision is mandatory, and a final judgment, by default, taken in such case before the expiration of six months from the return day of the attachment, is premature and unauthorized.

IN error from the Circuit Court of Rankin county. Hon. John Watts, judge.

On the 19th of May, 1856, Ware sued out an attachment against the estate of Calhoun, Bull & Co., who were non-residents; and,

on the next day, the same was levied on certain real estate belonging to them. This attachment was returnable on the fourth Monday of that month, being the twenty-sixth day. On the first day of the return term, an order was made, requiring publication of notice of the pendency of the suit to be made in the "Brandon Republican" for one month. The notice was inserted four times in that paper, commencing on the 31st July, 1856, and ending on the 21st August. Judgment final was entered, by default, against the defendants on the 21st of October, 1856; and, on the 12th of November, a *venditioni exponas* was issued, directing the sale of the land levied on; and, on the 15th of December, the land was sold. Afterwards the defendants sued out this writ of error.

*D. Shelton,* for plaintiffs in error,
Cited Hutch. Dig., p. 823; Ib. p. 804, § 15.

*W. P. Harris,* contrâ,
Cited *Ridly* v. *Ridly,* 24 Miss. R. 654.

HANDY, J., delivered the opinion of the court.

The plaintiffs in error rely upon two grounds of error:—

1st. That the publication of notice was not sufficient to warrant the judgment, it not being in accordance with the requirement of the statute in relation to the subject.

2d. That the judgment was rendered before the expiration of six months from the date of the return of the attachment, and without the stay of proceedings required by the statute.

Upon the first point, it is contended, that the time prescribed by the statute for the publication of notices against non-resident defendants, in cases of attachment, is one month: Hutch. Code, 823, Art. 17, § 3; and that such notice being indispensable to the validity of the judgment, and not having been given according to the statute, and the order of the court in the case, the judgment is erroneous.

But it has been held by this court, upon principles which we consider sound, that in cases of attachment against *non-resident* debtors, the giving of notice by publication is not absolutely necessary to the judgment; that, in such cases, the statute in relation

to notice is not imperative, but the matter of publication is discretionary with the court, and that a judgment in such a case may be valid without the publication, the seizure of the attached property being notice in law to all parties having an interest in the thing itself; and, upon these reasons, a judgment, in a case like this, rendered under circumstances nearly identical with those in this case, was affirmed. *Ridly* v. *Ridly*, 24 Miss. 654. This objection cannot, therefore, be sustained.

Secondly. It appears, by the record, that the order of publication was made by the court on the first day of the May term, 1856, which was the twenty-sixth day of that month, and the return day of the attachment, and that the final judgment was rendered on the 21st October, 1856; so that the time intervening between the return of the attachment into court, and the final judgment, was less than five months.

The statute expressly requires that, in cases of attachment against the estates of non-residents, "the court, in which the same may be pending, shall stay all proceedings in such suit, for such time as it may think necessary; not less than six months, nor exceeding one year, from the return day of such attachment." Hutch. Dig. 804, § 15. This provision is manifestly mandatory, and it is founded on the just reason, that the defendant, who is a non-resident, may be allowed a reasonable time to appear and defend the suit. The time is limited by the statute, to not less than six months; and it is plain that, before the expiration of that time from the return day of the attachment, the court could not properly render a final judgment in the case. It may not be necessary that an order, staying the proceedings, should positively appear of record; but it is indispensable that it appear, by the record, that at least six months have elapsed after the return day of the writ and before the date of the final judgment, unless it appear that the defendant duly appeared, and made defence to the suit at an earlier day.

The judgment was, therefore, premature, and for this error it is reversed, and the cause remanded for further proceedings.

NOTE.—By the Revised Code, Art. 19, p. 378, publication of notice of an attachment proceeding is directed to be made for four weeks in a newspaper published in this State. This applies as

well to attachments against non-residents as absconding debtors. It is further provided, that in case of attachments against non-residents, the court may, if it be thought proper, order such notice to be inserted for four weeks in the State or Territory where the defendant resides.