RICHARD R. ROBERTS *et al. v.* JAMES M. BARRY.

1. ATTACHMENT AND GARNISHMENT: ANSWER OF GARNISHEE AND ISSUE CONTROVERTING THE SAME MUST BE IN WRITING. — The provisions of art. 28, p. 380 of the Revised Code, contemplate that the answer of a garnishee and the grounds upon which the same is contested shall be in writing; and no issue between the attaching creditor and garnishee could be properly submitted to a jury, unless the answer and the contest thereof appear in the record.

2. SAME: CONTEST OF GARNISHEE'S ANSWER, AND ISSUE BETWEEN PLAINTIFF AND DEFENDANT IN ATTACHMENT, SEPARATE AND DISTINCT, AND MUST NOT BE SUBMITTED TO JURY AT THE SAME TIME. — The contest of a garnishee's answer, and the issue between the plaintiff and defendant in attachment, are separate and distinct, and must not be submitted to the jury at the same time; a special and separate verdict must be found against the garnishee.

3. SAME: JUDGMENT AGAINST DEFENDANT IN ATTACHMENT BEFORE JUDGMENT AGAINST GARNISHEE. — The object of a garnishment is to subject money or effects in the hands of a party belonging to another against whom the plaintiff either has or expects to have a judgment; and hence a judgment cannot be rendered against the party garnisheed until one has been obtained against his creditor.

ERROR to the Circuit Court of Holmes county. Hon. J. A. P. Campbell, judge.

Defendant in error sued out an attachment against Richard R. Roberts, on an alleged indebtedness of one hundred and two dollars, and had N. G. Nye summoned as garnishee. Roberts appeared and pleaded the "general issue" to the action. No answer of the garnishee, Nye, appears in the record.

The following entry was made:

"JAMES M. BARRY *v.* RICHARD R. ROBERTS.

"This day came the parties by their attorneys, and it appearing to the satisfaction of the court that a garnishment having been

issued against N. G. Nye, and returned duly executed, and said garnishee having filed his answer and issue having been joined, it is ordered by the court that a jury come; whereupon came a jury of good and lawful men, to wit: Joseph C. Bates and eleven others, who, being elected, tried, and sworn, well and truly to try the issue joined, upon their oaths say, 'We find for the plaintiff the sum of one hundred and nineteen dollars and seventy-five cents.' It is therefore considered by the court that the plaintiff recover of the garnishee, N. G. Nye, and the defendant, R. R. Roberts, the sum assessed by the jury as aforesaid; also his costs in this behalf expended. And it is further ordered that N. G. Nye be allowed the sum of ten dollars, as an attorney, for writing his answer."

From this judgment plaintiffs in error prosecute their writ of error. The errors assigned are stated in the opinion of the court.

*Hudson & Nye*, for plaintiffs in error, cited 14 S. & M. 11–207; Drake on Attachment, 461, §§ 460, 461; 9 Cushing, 530; 1 Dutcher, 625; 2 Iowa, 154; 9 Indiana, 537; 21 Missouri, 30; 7 Gray, 491; 11 ib. 404; 6 ib. 320.

No counsel for defendant in error.

PEYTON, J., delivered the opinion of the court.

It appears from the record in this case, that on the 21st day of February, 1859, James M. Barry sued out a writ of attachment against the property of Richard R. Roberts, returnable to the May Term next thereafter of the Circuit Court of Holmes county, and that on the 3d day of March, 1859, N. G. Nye was summoned as garnishee; that the plaintiff in the attachment filed his declaration in said court, to which the defendant pleaded the general issue.

And that at the November Term of said court, 1859, the following entry was made: " This day came the parties by their attorneys, and it appearing to the satisfaction of the court that a garnishment having been issued against N. G. Nye, and returned duly executed, and the said garnishee having filed his answer, and issue having been joined," and submitted to a jury,

Richard R. Roberts et al. *v.* James M. Barry.

who rendered a verdict for the plaintiff, upon which judgment was rendered in favor of the defendant in error against the plaintiffs in error.

From which judgment the plaintiffs in error prosecute this writ of error, and make sundry assignments of error, of which it is deemed necessary to notice only the following: 1. That there is no answer of the garnishee in the record, nor traverse of any such answer. 2. That there was no issue between the plaintiff in error, Nye, and the defendant in error. 3. That the issue between the plaintiff and defendant in the attachment, and the alleged issue between the plaintiff and garnishee in attachment, were submitted to the same jury at the same time. And, 4. That a general verdict was found, and a joint judgment was rendered against the plaintiffs in error.

The first and second assignments of error will be considered together; for if there was no answer of the garnishee, there could be no issue joined between him and the plaintiff in the attachment.

The statute provides that when the plaintiff shall allege that the garnishee has not made a full and true discovery of the debt due by him to the defendant, or of the property in his possession belonging to the defendant, he shall, at the term when the answer is *filed*, unless the court shall grant further time, controvert the same in writing, specifying in what particulars he believes the answer to be incorrect. The court may direct a jury to be impanelled immediately, unless good cause be shown for a continuance, to inquire what is the true amount due from such garnishee to the defendant, and what goods or chattels are in his possession belonging to the defendant; and the court shall grant judgment upon the verdict of the jury, as if the facts found had been confessed by the garnishee in his answer. Rev. Code, 380, art. 28. This provision of the law evidently contemplates that the answer and the issue taken thereon shall be in writing, and constitute a part of the record in the cause. The issue between the plaintiff and the defendant in attachment is the only one presented by the record, which states that a jury came to try the issue joined, and found

a verdict for the plaintiff; and in the absence of an answer and issue thereon in writing, as required by the statute, we must presume that the jury tried the only issue which, according to the record, was made up, and could properly be submitted to them. The judgment, therefore, upon the verdict could not properly be rendered against both the plaintiffs in error.

And even in case the issue between the plaintiff and defendant in the attachment, and the alleged issue between the plaintiff and garnishee, were submitted to the jury at the same time, a general verdict was wrong, and would not justify a joint judgment against the plaintiffs in error. The judgments in such cases should be separate and distinct, and the judgment against the defendant in the attachment should precede that against the garnishee.

The object of garnisheeing is to ascertain whether a party has funds or effects in his hands belonging to another, against whom the plaintiff either has or expects to get judgment, so that, after he has obtained judgment against his debtor, he may obtain judgment against the garnishee for the amount of his judgment against his debtor, or for as much as there may be funds in the hands of the garnishee due or belonging to the debtor.

Until the creditor has judgment against his debtor, he cannot have judgment against the garnishee. For the latter is not indebted to the creditor, but to his debtor. *Rose* v. *Whaley*, 14 Louisiana Annual Rep. 374; *Housmans* v. *Heilburn*, 23 Georgia, 186; *Leigh* v. *Smith*, 5 Ala. Rep. 583; Drake on Attachment, 306, § 460; *Gaines* v. *Beirne*, 3 Ala. Rep. 114.

There is no authority to render judgment against the garnishee upon his answer until judgment is obtained against the defendant in attachment; that being the only authority for condemning the money or effects in the hands of the garnishee.

For these reasons the judgment must be reversed, and the cause remanded.