## L. C. MOORE v. T. H. B. WILLIAMS.

1. ATTACHMENT—NON-RESIDENT DEBTOR—INSUFFICIENT NOTICE.—In attachment against a non-resident defendant, the writ was executed by a levy on the lands of the debtor, and notice was given by posting advertisement at five public places in the county, and by a notice from the clerk, sent through the mail, addressed to him, at his supposed place of residence. This was not sufficient to give jurisdiction, and the judgment rendered on such notice is revisable.

2. SAME.—By sec. 11, act of 1852, attachments against non-resident debtors are made subject to " the rules, regulations, and restrictions " that apply to absconding debtors ; as to whom, under the 16th section, notice must be given, by four weeks' publication in a newspaper published in the state. As to non-residents, the court may, by the 15th section of that [act, order notice to be inserted in some newspaper published in the state where the defendant is supposed to reside.

3. ATTACHMENT—HOW SERVED.—Art. 10. Rev. Code, enjoins that, in all cases where the debtor has not been "found or summoned," notice shall be inserted for four weeks, in some newspaper most convenient to the court ; and this applies, alike, to non-resident, absconding, and fraudulent debtors.

4. ATTACHMENT LAWS—CONSTRUCTION—NOTICE.—The proviso to art. 19, Rev. Code, which provides that the court " may, if it think proper," order publication of notice to non-residents, in some newspaper where he is supposed to reside, was intended to refer the matter to the discretion of the court. But, taking the attachment law in the Revised Code in connection with the act of 1852, the construction is, that if the defendant debtor is "not found or served," then the newspaper notice must be published ; and if the debtor is a non-resident, that fact must be stated, as well as that of his place of residence, if it can be ascertained, and notice must be deposited, in the mail, by the clerk, addressed to him, at his post-office. 24 Miss., 656.

Error to the circuit court of Scott county. WATTS, J.

The plaintiff in error assigned as error,

1st. That plaintiff in error, at the time said judgment was rendered against him, had no notice, actual or constructive, that said suit was pending against him.

2d. That he was a non-resident of the state, and the facts in the case require an order of publication in some newspaper; which publication was not made.

3d. The requirements of the attachment laws of the state were not complied with, in that there was no order of publication in a newspaper.

4th. The order for publication that was made, was not by the proper authority, or at the proper time.

5th. That said judgment is irregular and void for the reason that the same was not rendered upon such a state of facts and pleadings as the laws of the state require.

*Evans & Ford*, for plaintiff in error.

*A. Y. Harper*, for defendant in error,

Contended that the judgment of the court is valid, and ought not to be reversed. Although it is a general principle that notice, either actual or constructive, to the party, to be effectual, must be given; yet, to this rule there is an exception applying to a class of cases styled proceedings *in rem.* In these, the judgments are conclusive against all persons interested in the subject matter of the suit, whether they had actual notice or not. McIntyre et al. v. Ingraham et al.; Ridley v. Ridley, 24 Miss. And for the statutes regulating the summary remedy of attachment, see Rev. Code, 378, art. 19; attachment act of 1822.

It is contended then, that the first and second causes of error assigned are not well taken. Three things only are necessary to sustain an attachment against non-residents, to-wit: A debt existing, non-residence, and a levy upon his property in this state. The owner or the property are entitled to a day in court.

This record discloses the affidavit of the plaintiff before a proper officer, the debt due, and the non-residence of the defendant, the issuance and levy of the attachment, and that notice was duly posted at five public places in the county, one being at the door of the court-house of the county; and also, that the clerk transmitted notice to the defendant, at Oceola, Arkansas, through the post-office; and that there was no newspaper in the county, at that time. See acts of 1862, 264.

SIMRALL, J.:

The single point for solution is whether the plaintiff in error, C. L. Moore, who was sued in attachment as a non-resident, had legal constructive notice of the suit. The writ was executed by a levy on the lands of the debtor, and notice was given by posting advertisement at five public places, and by a notice from the clerk, sent through the mail, or deposited in the post-office for transmission, addressed to him at Osceola, Arkansas.

Under the act of 1852, § 11, attachments against non-residents shall be subject " to the same rules, regulations, and restrictions " that apply to attachments against absconding debtors. The sixteenth section provides that notice shall be given to absconding debtors, by four weeks' publication in some newspaper published in this state. By the fifteenth section, against non-residents, the court "may" order "notice" to be inserted in some newspaper published in the state where the defendant is supposed to reside. The act of 1852 (on the point under consideration) is substantially embraced in the 19th article of the Code of 1857, p. 378. This article, with the act of 1862, is all the statute law applicable to notice to defendants in attachments. The article enjoins in all cases where the debtor has " not been found or summoned," that notice shall be inserted for four weeks in some newspaper most convenient to the court. This applies as well to non-resident as to absconding or fraudulent debtors; it includes every debtor described in the seven enumerations of

causes of attachment in the second article of the attachment law. The only distinction is to be found in the proviso to the nineteenth article, to the effect, that the court "may," if it think proper, order publication notice to the "non-resident," in some newspaper where he is supposed to reside. In Ridley v. Ridley, 24 Miss., 656, it was held, that the word "may," in a similar provision of the act of 1852, meant to refer such publication to the discretion of the court; that it should not be construed as imperative; and, therefore, a notice published in a newspaper in the state was sufficient; although the court had not directed a publication in the state where the debtor was supposed to reside. There can be no doubt that the proviso to the nineteenth article refers such publication to the discretion of the court. The words are, the court "may, if it be thought proper," etc. In Patrick v. Dillard, at this term, we declared, that, taking the attachment law in the Revised Code in connection with the act of 1862, the proper construction was, that if the defendant debtor was not found or served, then there must be the newspaper notice published, as prescribed in the nineteenth article; and if the debtor was a non-resident, that fact must be stated, as well as his place of residence, if it can be ascertained, and notice must be, by the clerk, addressed to him at his post-office.

Constructive notice was not given to the plaintiff in error, as required by law. It follows that the judgment must be reversed, and cause remanded.