## VICTOR F. ERWIN *v.* JOHN HEATH.

1. ATTACHMENT — GARNISHMENT. — It is well settled that judgment cannot be rendered against the garnishee until after the recovery of judgment against the defendant in the attachment.

2. SAME — PROCEEDINGS AGAINST A GARNISHEE. — A proceeding against a garnishee, in one aspect, is an original action. In another, it is a means for procuring satisfaction of the recovery against the chief defendant. It is a dependency of the attachment. Hence, the garnishee cannot object to mere irregularities and errors in the judgment against the defendant in attachment. Nor can he assign such for error in this court, unless the objection be so vital as to render the judgment against the defendant invalid and void.

3. SAME — SAME — NOTICE. — An attachment suit, under the statute, may be the blending of two processes, the one strictly *in rem*, the other *in personam*. The former consists in the levy of the writ upon the property of the debtor or the sequestration of the effects of a debtor or a debt due to him, by service of garnishment process. If the defendant is served personally with notice of the suit, it then assumes the form of a personal action. One of these may succeed; the other fail.

4. CASE IN JUDGMENT. — Judgment final was rendered against E., as garnishee, for want of an answer. There were no irregularities in this proceeding, but the clerk failed to mail notice of the suit to T., the defendant in attachment: *Held*, that this did not render the judgment against T. void, but voidable only, and that E., the garnishee of T., cannot assign for error in this court, errors and irregularities in the judgment against T., the original defendant in the attachment.

ERROR to the Circuit Court of Washington County. Hon. C. C. SHACKELFORD, Judge.

Erwin, the plaintiff in error, was a garnishee, against whom a judgment by default was rendered for $475, at the November term, 1872, of the Washington county circuit court, in a suit by attachment, wherein John Heath was plaintiff and E. P. Tyree was defendant.

Heath sued out an attachment against Tyree to the July term, 1871, of said court, on the ground that Tyree had removed himself out of the state. The attachment was served on Erwin,

plaintiff in error, and Denson, as garnishees ; no service on Tyree, the defendant; writ returned as to him "not found," and no property found.

On the 6th May, 1872, being the first day of the May special term, Heath, by his attorneys, filed his declaration *in debt*, in which he stated his cause of action thus: "For, that on the day and year last aforesaid, the said defendant was greatly indebted to the said plaintiff in the sum of four hundred and twenty-five 50-100 dollars, amount of taxes paid by plaintiff for the said defendant on the "Warren plantation," in the county and state aforesaid, as by annexed account, and being so indebted, said defendant undertook and promised to pay," etc.   R., p. 5.

Afterwards, during the same term of court, to wit: May, 1872, an order was made in this cause, and entered on the minutes in these words : " order of publication and continued."

On the 17th September, 1872, plaintiff below filed his affidavit for publication with the clerk, stating that defendant in attachment, Tyree, resided at Gallatin, Tenn., also the issuance, execution and return of the attachment.

On the 18th November, 1872, proof of publication was filed, showing that publication had been made once a week from 21st September, 1872, to 19th October, 1872, both inclusive, of an order of publication, of which a copy was attached : this order, as appears by the copy, was in the usual form, reciting the issuance of the attachment, its execution and return, the residence of Tyree, and requiring his appearance to be entered at the November term, 1872, to plead, answer or demur to said action, and requiring a copy of the order to be published, and the clerk of the court to transmit a copy of same to Tyree, at Gallatin, by mail, postage prepaid.

No original order of publication appears in the record, and no proof that a copy was mailed to Tyree as required.   The record shows only the copy of the order attached to the printer's affidavit.

At the November term, 1872, on the 23d November, judg-

ment by default was entered against Tyree, the defendant in attachment, and also against Victor F. Erwin, plaintiff in error, and John Denson, as garnishees of .Tyree, for $475 and costs.

Upon this judgment, execution issued on the 23d May, 1873, against Erwin and Denson, the garnishees, which was levied on Erwin's lands, and proceedings then stayed by order of Heath's attorneys on 16th June, 1873. Afterwards, on 30th October, 1873, Heath filed a refunding bond, and on the 1st day of November, 1873, an *alias* execution issued against Tyree, Denson and Erwin, whereupon Erwin, the plaintiff in error, gave his *supersedeas* bond and sued out this writ of error to have the judgment against himself reviewed and reversed.

*F. & L. B. Valliant,* for plaintiff in error contended, that the judgment against the plaintiff in error, as garnishee, is void, because it is based on a void judgment against the original defendant in attachment, he having no notice of the suit. There must be a valid judgment against the defendant in attachment to support a judgment against the garnishee. Edwards v. Toomer, 14 S. & M., 649; Marcy v. Roberts, 5 Cushman, 225; Melius et al. v. Houston, 41 Miss., 59; Ford v. Woodward, 2 S. & M. Miss., 260; Calhoun et al. v. Ware, 34 Miss., 146; Moore v. Williams, 44 Miss., 61; Patrick v. Dillard, 44 Miss., 384.

*W. L. Nugent,* for defendant in error:

This is a case in which the garnishee seeks to avoid the payment of a judgment against him, on the ground that the judgment against the attachment debtor is *void.* Tyree was sued as a nonresident debtor and Erwin sued as a garnishee. The record shows that notice was published according to the Code, 1857, p. 378, art. 19. The failure of the clerk to mail copy of the notice, if it was not done, does not render the judgment void, but only *voidable,* and that at the suit of Tyree. The judgment is good until reversed as this court has decided. Crizer v. Gorren, 41 Miss., 564. The garnishee has no right to attack or impugn it. Moore v. Coats, 43 Miss., 226; Frank v. Appesar & Co., MSS. opinion; Crizer v. Gorren, *supra.*

All the presumptions of law are in its favor, and the judgment of the court below was rendered against the garnishee by default. He did not object then and cannot now complain.

SIMRALL, J., delivered the opinion of the court:

This writ of error is prosecuted by Erwin, to revive a judgment rendered against him, as garnishee, on the suggestion that he was indebted to E. P. Tyree, defendant in the attachment suit brought by Heath.

Judgment final was rendered against Erwin for want of an answer. No irregularity has been pointed out in the proceedings against Erwin. But the assignment of errors impugns the regularity and validity of the judgment against Tyree, the debtor of the plaintiff Heath.

It is well settled, that judgment cannot be rendered against the garnishee until after the recovery of judgment against defendant in the attachment. Roberts v. Barry, 42 Miss., 260. Mandel v. McLure, 14 S. & M., 11.

The summons against the garnishee is original process, in so far as it seeks to establish an indebtedness from him to the defendant in the attachment suit, and to condemn that indebtedness to satisfy the plaintiff's demand. It is indifferent to the garnishee whether he pays the plaintiff or his original creditor, the defendant. He occupies the relation between the parties of a stakeholder or trustee. It is a duty, therefore, which he owes his creditor, as well as a proper regard for his own safety, that he should see that the law is pursued. Ford v. Hurd, 4 S. & M., 684.

Whilst the proceeding against the garnishee is a collateral suit, in one aspect of it an original action, in another it is a means for procuring satisfaction of the recovery against the chief defendant, it is a dependency of the attachment, and, in that view, it is incumbent on the garnishee that he should observe the condition of that suit, and protest against judgment against himself, unless the plaintiff has put his demand against his debtor in the form of

a valid judgment. He may not object to mere irregularities and errors that may occur. If the defendant acquiesces, he cannot complain. The garnishee cannot assign, in this court, for error, irregularities in the judgment against Tyree, which would be sufficient, at the suit of Tyree, to reverse it, unless the objection to that judgment be so vital as to render it invalid and void. Matheny v. Galloway, 12 S. & M., 477; Whitehead v. Henderson, 4 ib., 704; Ford v. Hurd, ib., 683.

Was, then, the judgment against Tyree voidable merely upon writ of error, or was it of no effect and void? The law requires that notice shall be published for four weeks in a newspaper, warning the defendant in attachment of the pendency of the suit; and, also, that a copy of the notice shall be inclosed, postage paid, and put in the mail, addressed to the defendant's post office, if the creditor, his agent or attorney, has indicated the post office by affidavit. Code of 1871, §§ 1472–1475; Patrick v. Dillard, 44 Miss., 385; Moore v. Williams, ib., 63.

The transcript certified by the clerk to be "full and complete," contains what purports to be the usual order of publication, and also the proof of its actual insertion in the newspaper, as required by law. It does not, however, contain the affidavit of the clerk, as required by art. § 1475, that he forwarded a copy of the notice to the post office of Tyree.

A paper, separate from the transcript purporting to be a statement in short of the several steps taken in the cause, certified to be a copy of the entries, as the same appear on the primitive docket of the clerk, is also on file. It would seem that this docket was kept by the clerk, as a mere remembrance, to aid him in making up the formal record of causes.

It can not control the transcript certified to us as "containing a full, true and perfect copy of the record of the proceedings and judgment, * * * as fully as the same appears of record," etc. The clerk is directed by law to transcribe the papers and proceedings in a suit, in the final record book, and from that transcripts

are made which import verity.    Mandeville v. Stockett, 28 Miss., 408.

The affidavit on which the order of publication is predicated, may be filed in court, or with the clerk ; and the latter in vacation may make the order of publication.    Code 1871, §§ 1472, 1473.    In this case the affidavit was made before the clerk on the 17th of Sept., and the judgment rendered at the ensuing November term.

The 1475th section makes it the duty of the clerk to forward a copy of the notice to the defendant's post office, by mail, and he shall make affidavit of the fact and file it with the papers in the cause.    The record does not show that this was done.

Is the judgment against the principal defendant void or voidable for that reason ?    The cases in our books are not harmonious. In Edwards et al. v. Toomer et al., 14 S. & M., 77, there "was no other service of process, nor anything equivalent to it, except such as was implied in the service of the attachment ; " the point ruled was, "that without service on the defendant, or publication of notice, or without appearance, no valid judgment can be rendered.    Consequently " the judgment of Toomer, Gay & Co. was void, for the want of notice to or appearance by the defendant King."

In Ridley v. Ridley, 24 Miss. Rep., 655.    The notice was published for four weeks in a newspaper in this state, and the precise question was whether the 15th section of the code (Hut.), p. 404, in reference to publication in some newspaper where the defendant was supposed to reside, was mandatory ; and if not complied with, what was its effect on the judgment.    It was held that it was discretionary, and a failure to make such publication was not error.

In Calhoun, Bull & Co. v. Ware, 34 Miss., 146–7–8, it was held on the authority of the case last cited, that in cases of attachment against non-resident debtors, the giving of notice by publication, is not absolutely necessary to the judgment,    *    *    the seizure

of the attached property being notice in law to all parties having an interest, etc.     The court carried the case of Ridley v. Ridley, (*supra*), further, perhaps, than the principle announced justified. Nothing more was before the court, than whether the publication of notice in the state where the defendant was supposed to reside, was imperatively required. (There was the requisite notice in the domestic paper).    Such was supposed to be the scope of Ridley v. Ridley in Moore v. Williams, 44 Miss., 61.

But is not the principle stated in Calhoun, Bull & Co. v. Ware sound?

An attachment suit, under our statutes, is, or may be the blending of two processes, one strictly *in rem*, the other *in personam.* The former consists in the levy of the writ upon the property of the debtor, whereby it is made amenable to the disposition and judgment of the court, or it is the sequestration of the effects of the debtor, or of a debt due to him, by service of garnishment process.    By that means the court obtains jurisdiction over the "*res.*"

If the defendant is served personally with notice of the suit, it then assumes also the form of a personal action.    One of these suits may come to a successful end, the other may fail.    It was in this aspect of the subject, that we held in Holman v. Fisher, Ex'r, 49 Miss., 477, 8, 9, that although Rush, the defendant, died after appearance and plea, nevertheless the creditor could rightly prosecute his suit *in rem*, against the attached debt, and subject that to his demand; to do that it was necessary that judgment should be rendered against the defendant, to avail no further and to have no other effect than as a means to subject the debt of the garnishee to the plaintiff's demand.    It was worthless as a personal judgment.    No general execution could be issued for any balance unpaid after the debt of the garnishee had been applied and exhausted.    It could not be the foundation of a *scire facias*, nor the support of an action of debt, in this or any other state.    Its func-

tion, exclusively, is as part of the formula by which the specific
thing is adjudged to be condemned to pay the plaintiff's debt.

If the writ is not levied upon property, nor a debt attached, the
court cannot proceed in that suit, and it comes at once to an end.
The jurisdiction depends upon the seizure of the property, or the
debt, and that may be exerted upon the thing. The failure to
pursue the formula of the statute as to publication of notice, or
such informalities, does not make void the judgment as respects
the property or debt. It may be alleged for error, and sufficient
for reversal, but the judgment is not utterly invalid. Cooper v.
Reynolds, 10 Wallace, 315.

Although it was erroneous to have rendered judgment against
Tyree for the want of the requisite evidence of the mailing of the
notice to him, we are disposed to accept the doctrine as stated in
34 Miss., 146, supported, as it is, by high authority elsewhere. The
judgment against the defendant in attachment is not void for the
reason alleged. Erwin, the garnishee and plaintiff in error, can-
not assign those matters which are mere errors and irregularities
in the proceedings against the principal defendant, as grounds for
reversing the judgment against him.

Wherefore it is affirmed.