### JOHN R. WOOD v. PAGE & MORAN.

1. ATTACHMENT. *Proof of publication to non-resident defendant.*
   In an attachment suit against a non-resident, the proof of publication of the notice to the defendant is prescribed, in section 819 of the Code of 1871, to be: "The production of a copy of the notice, and the affidavit of the printer or publisher, specifying the numbers and dates of the newspaper in which the publication was made, together with the certificate of the person before whom the affidavit is taken that he has compared the newspapers with said copy, and that the same is correct and truly made." If the officer before whom the affidavit is taken fails to certify that he has compared the copy produced with the papers containing the publication, the proof is defective, and a judgment by default thereon will be reversed by this court.

2. SAME. *Proof of mailing notice to non-resident defendant.*
   In an attachment suit, the affidavit of the clerk, under section 1475 of the Code of 1871, that he has mailed "a copy of the notice of publication," postage prepaid, addressed to the non-resident defendant at his post-office, is not defective because of the failure of the clerk to append a copy of the notice to his affidavit, when a copy of such notice already appears as a part of the record.

ERROR to the Circuit Court of Pike County.

Hon. J. M. SMILEY, Judge.

This was a suit in attachment, by the defendants in error against John R. Wood, the plaintiff in error, who was a non-resident of the state. There was no personal service of process on the defendant, and no appearance entered by him in the case. But a judgment by default was rendered against him, on proof of publication of notice.

*Cassedy & Stockdale*, for the plaintiff in error.

1. The most exact compliance with the statute providing constructive notice is required. *Zachary & Kerr* v. *Bowers*, 1 Smed. & M. 584. The mode of proving publication of notice to a non-resident defendant in attachment is, first, the affidavit of the publisher as to the numbers and dates of the newspapers containing the publication; second, the certificate of the officer taking the affidavit, that he has compared the newspapers with the sworn copy of the notice and found the same to be correct. Code 1871, sec. 819.

A compliance with these requisites of the statute is necessary to constitute constructive notice. They are jurisdictional facts, and must be shown by the record, or the judgment will be erroneous. *Gwin* v. *McCarroll*, 1 Smed. & M. 351; *Edwards* v. *Toomer*, 14 Smed. & M. 77; *Moore* v. *Williams*, 44 Miss. 61; *Patrick* v. *Dillard*, 44 Miss. 384. The want of such constructive notice may be alleged for error, and is sufficient for reversal. *Erwin* v. *Heath*, 50 Miss. 795.

2. When the post-office of the defendant is disclosed, the mailing of the notice properly published, supported by the affidavit of the clerk, is also an essential part of the constructive notice. *Erwin* v. *Heath*, 50 Miss. 802.

*S. E. Packwood*, for the defendants in error.

In the case of *Ridley* v. *Ridley*, 24 Miss. 656 *et seq.*, Judge Yerger says: "In proceedings *in rem*, the seizure of the thing itself is deemed, in most instances, sufficient notice to all parties interested in it to come forward and assert their rights, and is substituted in lieu of actual notice." And, further, the learned judge adds, in said decision: "The seizure of a man's property, in most instances, would give him more certain notice of the proceedings against it than he would derive from any newspaper publication." I think it is apparent, from an examination of the decisions rendered by this court, that a strict, literal compliance with the statute in giving notice to the defendant in attachment proceedings "*in rem*" is not absolutely essential. It was said in the case of

*Calhoun, Bull & Co.* v. *Ware*, 34 Miss. 147, " that, in cases of attachment against non-resident debtors, the giving of notice by publication is not absolutely necessary to the judgment." See *Erwin* v. *Heath*, 50 Miss. 795, where the authorities are reviewed on the point.   In the case at bar, I think that not only was notice to the plaintiff in error given, but that the notice was, perhaps, unnecessarily ample.

SIMRALL, C. J., delivered the opinion of the court.

The assignment of error most seriously pressed is insufficient proof of publication against the non-resident, and of mailing notice to him.

The defect alleged in the former is the omission of the clerk, before whom the publisher of the newspaper made affidavit, to certify that he compared the numbers and dates with the files of the paper, and found them to correspond with the recitals in the affidavit.   The defect in the latter is that the clerk failed to attach to his certificate that he had mailed the notice to the debtor's post-office, a copy of it, the certificate referring to such copy as thereto appended.

Section 819 of the Code of 1871 prescribes the mode of making proof of publication, which is the " affidavit of the printer or publisher, specifying the number and dates of the newspaper in which the publication was made, together with the certificate of the person before whom the affidavit is made, that he has compared the newspapers with said copy, and that the same is correct and truly made.   And such affidavit and certificate shall be competent evidence in all courts in this state."

The 1477th section (part of the attachment law) allows judgment by default, on proof of publication.

The proof of publication here meant is that prescribed in section 819, and embraces both the affidavit of the printer or publisher and the certificate of the person who administers the oath and makes comparison of the numbers and dates recited, with the corresponding issues of the newspaper.

Nor is the proof complete, to warrant a judgment by default against the debtor, if the certificate is wanting. That is made, by statute, as essential as the affidavit.

The evidence of the notice is purely statutory, and must conform essentially to it. The only evidence of publication of notice in the record is the affidavit of the publisher. The certificate of the clerk before whom the affidavit was made, of a comparison with the files of the newspaper, is wanting.

The sound rule is that when a statute substitutes some other mode of notice for personal service of process, as the foundation for the jurisdiction of the court, close compliance with such requisition will be enforced. *Kerr* v. *Bowers*, 1 Smed. & M. 588.

The statute in that case, in addition to publication in a newspaper, required that " there shall be a copy of the order posted at the front door of the court-house."

Jurisdiction is obtained either by service of process or publication, when that is authorized. *Gwin* v. *McCarroll*, 1 Smed. & M. 368 ; *Edwards* v. *Toomer*, 14 Smed. & M. 77 ; *Moore* v. *Williams*, 44 Miss. 61.

The question before us is, not whether the judgment is void, and might be so pleaded in a collateral suit, but whether the proceedings are irregular and erroneous merely. That distinction was attempted to be pointed out in *Erwin* v. *Heath*, 50 Miss. 795.

The clerk certifies that he mailed a " copy of the notice of publication " — what that was, already appeared in the record. His failure to append a copy would not vitiate the certificate.

The recital in the judgment negatives the idea that there was proof of publication, as at common law, by the production of the files of the newspaper, and the examination of a witness, and refers to the statutory proof.

For the error indicated the judgment is reversed.