## YAZOO & M. V. R. Co. *v.* WILLIAMS.*

(Division A. March 16, 1925.)

[103 So. 200. No. 24486.]

1. GARNISHMENT. *Judgment when void, may be collaterally attacked by garnishee sought to be held by writ based thereon.*

   A void judgment may be collaterally attacked by a garnishee, where he is sought to be held liable on account thereof on a writ of garnishment based on it.

2. DIVORCE. *Return on process held not to render judgment void, and so subject to collateral attack.*

   Return of officer on process for defendant in divorce, "Executed, personal service ón the within-named party," while not strictly following statutory form, shows that the process was executed personally, and presumably in lawful manner, and so does not render void the default judgment for divorce and alimony founded thereon, as is necessary for collateral attack of judgment.

*Headnotes 1. Garnishment, 28 C. J., section 482; 2. Divorce, 19 C. J., section 258 (1926 Anno).

APPEAL from chancery court of Sunflower county.

HON. E. N. THOMAS, Chancellor.

Garnishment proceeding by Mrs. Mattie· Williams against the Yazoo & Mississippi Valley Railroad Company. From an adverse decree, garnishee appeals; cross-appeal being also prosecuted. Affirmed on direct appeal.

*Chapman, Moody & Johnson,* for appellant.

On behalf of the appellant it is contended that the money decree against the defendant, is void for the want of legal service of process. The return on the summons, as stated, is "executed personal service on the within named party. This the 6th April, 1923." There are three modes by which a summons must be executed in order that the court may obtain jurisdiction of the defendant. Sections 2494 and 2495, Hemingway's Code.

The return must show the facts, not conclusions, as to how the writ was executed that the court, not the officer executing the writ, may determine whether there has been a compliance with the law. The facts must be positively stated in the return. From the facts, or want of facts, stated in the return, it is evident that there has not been a compliance with the law. *French* v. *State,* 53 Miss. 651; *Dogan* v. *Barnes,* 24 So. 965; *Carrolton Hardware Co.* v. *Marshall,* 78 So. 7.

We submit that a legal return is essential to the jurisdiction of the court to proceed to judgment, unless, of course, the defendant appears. No valid judgment by default can be taken where there is no return by the officer serving the writ, or where the return is so faulty or defective as not to show legal service of the writ. That is what appears in this case. 33 C. J. 1093; *Moore* v. *Hoskins,* 6 So. 500; *Acme Lbr. Co.* v. *Vandergrift,* 11 So. 657.

A valid judgment against the original defendant is essential to the validity of a final judgment against the garnishee, and, the garnishee is entitled to assert objections to the proceedings against the principal defendant which are of a jurisdictional character, or which would render the judgment void. Certainly in a suit like this you can do so on appeal. 28 C. J. 21; 28 C. J. 319; 28 C. J. 276; *Schaller* v. *Marker,* 114 N. W. 43; *Gobbert* v. *Wallace,* 5 So. 394.

*J. O. Day, B. B. Allen* and *P. W. Allen,* for appellee.

I. It is our contention that the original returns and original decree taken thereon may not now be attacked in this suit by the appellants who were not parties to it, nor may the verity and solemnity of this decree of a court of competent jurisdiction be attacked in this or in any other action, unless for such defects as render the judgment or decree therein complained of null and void; and, that any attack on this original judgment by strang-

138 Miss.—28.

ers is a collateral attack, and cannot be made. But we desire to say in passing that the returns in the garnishment suit were regular and complied with the law. Section 1936, Hemingway's Code.

II.   Appellants have waved any defect or irregularity that may have been in the returns by taking their appeal. It is a well-settled principle of law that an appearance at any time works a waiver of all defects in the returns and irregularities in the proceedings of the judgment in the lower court. *Bustamenti* v. *Bescher,* 43 Miss. 172; *Young* v. *Rankin,* 4 How. 27; *Henderson* v. *Hammer,* 5 How. 525; *Graves* v. *Fulton,* 7 How. 529; *Memphis R. R. Co.* v. *Glover,* 78 Miss. 467, 29 So. 89; *Harrison* v. *Agricultural Bank,* 2 S. & M. 307; *Baird* v. *Ga. Pac. R. R. Co.,* 12 So. 547; *Railroad Co.* v. *Wallace,* 50 Miss. 244.

The garnishee cannot complain that the judgment against the defendant is based upon a defective service of process, and is therefore, irregular and voidable as to defendant. *Hinds* v. *Miller,* 52 Miss. 845; 2 R. C. L. 336; *Ridenbaugh* v. *Sandlin,* 14 Id. 472, 124 Am. St. Rep. 175, 94 Pac. 827; 2 R. C. L. 333.

Appellants are undertaking to make a collateral attack on a judgment of a court of competent jurisdiction. This may not be done. Any defect or irregularity that may appear in the original proceedings inures to the benefit of the original defendant on direct appeal only, and not to a stranger to that judgment. *Edwin* v. *Heath,* 50 Miss. 795; *Lumpkin* v. *Russell,* 108 Miss. 742, 67 So. 185. So we see that such a return may be amended, and if so then it is not void, but only voidable, and being only voidable is not subject to collateral attack. *Rigby* v. *Lefevre,* 58 Miss. 639; *Campbell* v. *Hays,* 41 Miss. 561; *Harrington* v. *Wofford,* 46 Miss. 31.

Should this court be of the opinion that this return is defective, or that it ought to be amended, then it is subject to amendment under section 2945, Hemingway's Code, and is not void. Hence we see that this writ and

return are not void but only at most voidable, and being so, are not subject to being attacked collaterally as appellants in this appeal are trying to do. *Sadler* v. *Trustees of Prairie Lodge,* 59 Miss. 572; *McCallum* v. *Spinks,* 91 So. 694; *Reeves Gro. Co.* v. *Thompson,* 105 Miss. 729; *Matheny* v. *Galloway,* 12 S. & M. 475; *Hale* v. *State,* 72 Miss. 140, 16 So. 387; 23 Cyc. 872; *Wright* v. *Edwards Hotel & City Ry. Co.,* 101 Miss. 470, 50 So. 332; *Cannon* v. *Cooper,* 39 Miss. 784; *Allen* v. *Dicken,* 63 Miss. 91; *A. & V. R. R. Co.* v. *Thomas,* 86 Miss. 27, 38 So. 770; *Hanks* v. *Neal,* 44 Miss. 212; *Parisot* v. *Green,* 46 Miss. 747; *Wall* v. *Wall,* 28 Miss. 409.

And we might continue on with a recitation of authorities on this proposition, all of which go to show that in a proceeding of this kind, it is not permitted of appellants to assail the decree of the court below rendered in a separate and independent suit. That decree imports verity, and may only be reached, where the proceedings are merely irregular or voidable, by a direct appeal by a party to it, and not by a stranger to the judgment or decree.

McGowen, J., delivered the opinion of the court.

Mrs. Mattie Williams sued Henry Williams for a divorce and for alimony, and process was issued upon the filing of the bill for defendant on April 5, 1923, and the return upon the process is in the following language:

"Executed personal service on the within named party. This the 6th April, 1923. A. C. Cox, Sheriff, by F. J. Felder, Deputy Sheriff."

At the next ensuing term of court, the chancellor rendered a decree granting a divorce to the complainant, Mattie Williams, and awarding to her alimony in the sum of fifteen dollars per month and sixty dollars attorney's fee. On June 9, 1923, Mrs. Williams, by her solicitor, filed a written suggestion that the Yazoo & Mississippi Valley R. R. Co. was indebted to the defendant, and a

writ of garnishment was issued on the 18th day of July, 1923, and process duly and legally served on the garnishee, the Yazoo & Mississippi Valley Railroad Company. At the return term of the writ of garnishment, on December 12, 1923, the chancellor entered a judgment by default in favor of Mrs. Mattie Williams and against the garnishee, the Yazoo & Mississippi Valley Railroad Company, in the sum of sixty-five dollars, reciting that the processes and proceedings theretofore were regular, proper, and in due form.

On May 12, 1924, the clerk of the chancery court issued an execution returnable the first Monday of May, 1924, against the Yazoo & Mississippi Valley Railroad Company, which was returned indorsed as follows:

"*Supersedeas* bond filed. This 21st day of April, 1924. J. R. Boyett, Sheriff, by R. C. Garnett, D. S."

At the December, 1924, term of that court, Mrs. Mattie Williams, the complainant below, filed a motion to correct the return of the officer in the original divorce case, and attached thereto a copy of an entry from the sheriff's docket, the mesne process docket K, at page 76 thereof, as to the return on the original writ, to-wit:

"I have this day executed the within writ personally by delivering to Henry Williams, the defendant, a true copy of this writ. This the 6th day of April, 1923. A. C. Cox, Sheriff, by F. J. Felder, Deputy Sheriff."

And the chancellor, after hearing proof and examining the mesne process docket, overruled the motion to amend the original process in the divorce case, from which Mrs. Mattie Williams prosecutes a cross-appeal here. But, in view of the conclusion reached by us, it will not be necessary for us to refer to or decide the questions presented by the cross-appeal. The main ground for reversal, as set up by the appellant, the Yazoo & Mississippi Railroad Company, is that the judgment by default against the original defendant, Henry Williams, who has never entered an appearance, is void because of the defect in the return, the return not showing the exact manner in

which the process was served upon the defendant, Henry Williams.

Appellees insist that the judgment is not void and contend that the garnishee, the Yazoo & Mississippi Valley Railroad Company, appellant here, cannot challenge the validity of the judgment because, as they say, the attack is a collateral one and made for the first time in this court. We think that a garnishee, or any other person affected thereby, would be authorized to attack a void judgment, especially where the void judgment affected materially the rights of the attacking parties, and always a garnishee has such right.

In 28 C. J., p. 21, section 7, we find the following: "It follows from the ancillary character of garnishment proceedings that ordinarily a valid judgment against the principal defendant is essential to the validity of a final judgment against the garnishee."

In *Erwin* v. *Heath,* 50 Miss. 795, our own court said: "Although it was erroneous to have rendered judgment against Tyree for the want of the requisite evidence of the mailing of the notice to him, we are disposed to accept the doctrine as stated in *Calhoun et al.* v. *Ware,* 34 Miss. 146, supported, as it is, by high authority elsewhere. The judgment against the defendant in attachment is not void for the reason alleged. Erwin, the garnishee and plaintiff in error, cannot assign those matters which are mere errors and irregularities in the proceedings against the principal defendant, as grounds for reversing the judgment against him."

And from the syllabus of the opinion, *supra,* we find the rule stated: "The garnishee cannot object to mere irregularities and errors in the judgment against the defendant in attachment. Nor can he assign such for error in this court, unless the objection be so vital as to render the judgment against the defendant invalid and void."

We conclude that the garnishee may attack a void judgment where he is sought to be held liable on account thereof as garnishee upon a writ of garnishment based

upon the alleged void judgment. However, we are of the opinion that, while the return of the officer in the original divorce case was irregular and not in exact accordance with the statute, yet, the return was sufficient to authorize the rendition of a decree for divorce and alimony by default, and that the return showed that the statute as to service of process was complied with.

Counsel for appellant cite the case of *French* v. *State,* 53 Miss. 651, in which case the return was as follows: "Executed personally on O. C. French, by exhibiting and reading to him the contents of this writ."

The court in the *French case, supra,* says: "This is bad, because it fails to show, or rather impliedly *negatives,* the delivery of a copy of the writ. The judgment by default as to him was *erroneous.*"

And the return under review in the instant case is differentiated from the one in the French case in that the returning officer in the French case negatived the idea that a copy of the writ was handed French, while in the instant case the return means that it was executed personally and presumably in the statutory manner. In other words, there is nothing in the return to show that it was not "executed" in a lawful manner. Then, too, in the French case the court held that the judgment was erroneous on direct appeal. We see no difference between a return which shows simply the words "executed" and "executed by personal service on the within party." They mean one and the same thing. In fact, the latter is more nearly in accordance with the statute than the former, and, in all the cases cited by counsel for appellant, we find that the process was challenged on direct appeal, and that the court held that while the judgments in the several cases were erroneous, yet the judgments attacked were not held to be void.

In the case of *Harrington* v. *Wofford,* 46 Miss. 31, the return was as follows: "Executed September 13, 1859."

And the court said as to this return: "The decree of sale in that case made by the probate court founded on a

defective return of process was not void, and, until reversed by direct proceeding. in an appellate tribunal, it must be regarded as a valid order of sale.''

The return against the defendant, Williams, in this case was not an exact return in that the statutory form was not strictly followed, but it showed the execution of the paper, and the judgment must be void in order that the appellant here may have the right to challenge same. The judgment in this case can hardly be said to be erroneous upon a collateral attack, but in so far as any question raised here is concerned, we are constrained to hold that the judgment was valid and binding, and mere irregularities will not authorize a collateral attack.

In view of our conclusion that the original judgment in the divorce proceeding is valid and binding, and not void, we deem it unnecessary to consider, at this time, the question of amending the return. Upon the direct appeal, the decree of the court below is affirmed.

*Affirmed on direct appeal.*