## LOUGHRIDGE & BOGAN VS. JOHN BOWLAND.

1. FRAUD: *Fraudulent conveyance. Deed. Acknowledgment. Registry.*
A deed purporting to convey lands, which is not acknowledged but merely attested by a subscribing witness, and not proved by the witness, is incomplete, and the registration of such deed is a nullity, and it is not notice to creditors or purchasers. The registration of deeds was adopted as a substitute for the livery of seizin, and for the purpose of imparting notice.

2. SAME: SAME: *Notice. Possession.*
Whatever communicates information to a creditor, or purchaser, of a prior conveyance, binds his conscience and accomplishes what the law designs. Possession is a circumstance from which notice may be inferred, but, like other inferences, it depends for its force on the nature of the fact from which it is deduced. The facts by which notice is established inferentially must be emphatic and distinct. Where the vendor holds possession by a tenant, and the vendee after the sale retains the same tenant under an agreement to pay rents to him, the title is transferred, but the actual occupancy remains the same, and it is not a *change of possession* that a stranger could observe, and the facts are not such as to arrest notice or to put a creditor or purchaser on inquiry. The creditor or subsequent purchaser must be so bound in conscience, by notice, as that *mala fides* could be imputed to him if he should take the estate against a prior vendee. Whatever puts a party on inquiry amounts, in law, to notice, provided inquiry be a duty and would lead to a knowledge of the requisite fact by the exercise of ordinary diligence. Mere rumor by irresponsible parties or persons, or a mere suspicion, is not notice.

3. CREDITOR: *Principal and surety. Subrogation.*

Whether a surety is the creditor of his principal from the date of his suretyship or the date of the payment of his debt depends on the character of the redress which he may seek. When payment is made by surety, a cause of action for reimbursement becomes complete by action at law or in equity for substitution to the securities held by the original creditors, against which the statute of limitations begins to run from the day of payment. A surety is a creditor, within the statute of frauds, from the time he signed the note, and may set aside a fraudulent conveyance executed by the principal after becoming so liable and before payment of the debt.

4. REGISTRY ACT: *Code of 1871, § 2304. Notice.*

This statute makes all unrecorded conveyances, etc., void as to creditors without notice, etc. Creditors under this section have been construed to mean such as have obtained a specific right against the property, as by a lien by attachment or judgment. Before a creditor can object to the conveyance he must have a right to proceed against the specific land for satisfaction. The creditor must have notice of the unrecorded deed before he acquires a lien. Notice subsequent to the acquisition of the lien will not affect his right. It is not necessary that the debt should exist at or before the time of sale. Such conveyances are equally void as to creditors without notice before or after the sale.

5. ATTACHMENT: *Irregular process. Effect thereof.*

An irregular return on an attachment which might be quashed on motion is not void when brought in question collaterally. An irregular process, or the irregular service thereof, or irregular publication, or the omission to publish, will not render void the condemnation of the property attached.

APPEAL from the Chancery Court of *Lee* County.

Hon. O. H. WHITFIELD, Chancellor.

The bill of Loughridge & Bogan alleges that they in good faith, and for value, purchased of J. N. Chears the land in controversy; that afterwards Chears confessed judgment to Bowland, who had the land levied on; that Bowland had knowledge of their purchase, and that it was in good faith for value. They ask that the sale be enjoined. Deed from Chears is made an exhibit. It is not acknowledged. Dillard, the subscribing witness to the deed, is not sworn, but the deed was filed for record, April 9, 1866. Bowland's answer admits the conveyance; denies that it was in good faith for value; makes his answer a cross-bill; charges fraud; denies that the deed was legally recorded, because not acknowledged or proved by the subscribing witness; denies any knowledge of

the purchase or possession by complainants; files, as exhibit No. 1, a transcript of his suit against Chears, and judgment by default. Answer to the cross-bill denies all fraud; admits that the deed was not properly acknowledged; insists that they should not be prejudiced by it, as appellee had notice of their purchase and possession.

An amended bill was filed, differing from the original. Alleges that the consideration of $1,000, alleged in the original bill to have been paid to Chears, was paid by the surrender of certain notes they held on Chears; that they are mistaken in saying that their deed was duly recorded at the time of its execution; that they had since had it acknowledged or proved by Dillard, and recorded February 26, 1870. (Original bill filed November, 1869.)

The final decree dismissed the bill and declared Loughridge & Bogan's deed to be fraudulent, and subjected the land to Bowland's judgment; and the case comes to this court on appeal.

It is assigned for error:

1. The court erred in dissolving the injunction, and in decreeing damages thereon.

2. In dismissing complainants' bill.

3. In setting aside and declaring fraudulent and void the deed of conveyance in said decree mentioned.

4. In refusing to allow complainants to read in evidence the depositions of Bolin and Lawson.

*A. H. Handy*, for appellants:

Argued the case orally, and contended that, as to the date of the purchase, it is conclusively proved that it was on February 7, 1866, and not on March 12, 1866, the date of its acknowledgment, and ante-dated as charged; this is denied by the answer to the cross-bill, and this answer, being responsive to the charge in the cross-bill, must prevail unless overthrown by evidence. Walker *v.* Gilbert, 7 S. & M., 463; Brooks *v.* Gillis, 12 ib., 483; Mizell *v.* Hubert, 12 ib., 547; Miller *v.* Lamar, 43 Miss., 383.

1. There is no countervailing evidence, and the charge of fraud is fully disproved by the testimony of Loughridge and Bogan and Lawson, as to their *taking possession;* Loughridge and Bogan testify that they took possession shortly after the purchase. Lawson, the tenant, says that he received the notice from them, early in 1866, of the purchase and that he must pay rents to them, which he has done for six successive years. As to the *notoriety* of their possession, it is proved to have been actual and open, understood in the neighborhood; that it would have been sufficient notice to a purchaser, and *a fortiori* to a creditor. Parker *v.* Fox, 43 Miss., 266; McLeod *v.* First Nat. Bank, 42 ib., 112. The actual and open possession is notice, and inquiry of Lawson would have led to the title. This is a familiar doctrine. Dixon *v.* Lacoste, 1 S. & M., 70; Walker *v.* Gilbert, Freem. Ch., 85; 43 Miss., 266; 45 ib., 697; 1 Story's Eq. Jur., § 400; 19 Iowa, 547–549; 3 Barb. Ch., 317; 5 Gilm. (Ill.), 186; 4 Minn., 422; 2 Mar., J. J., 178; 23 Penn. St., 120–130; 10 Gill & J., 324; 5 Johns. Ch., 29; 2 Sumner, 554–556; 5 Gill (Md.), 483; 4 Whart., 259; 2 Green (N. J.) Ch., 143.

2. Conceding for argument (but which we deny) that appellee was a creditor when the attachment issued, and that the judgment was regular, this was after appellants' right had vested. The deed was made February 7, 1866; attachment issued March 3, 1866. Their rights accrued by virtue of the deed and the possession. But in equity the lien of the attachment was subject to all equities subsisting at the time in favor of appellants, and the lien will be limited in a court of equity to the actual interest of the debtor. Walton *v.* Hargrove, 42 Miss., 18, 26; Bell *v.* Flaherty, 45 ib., 694–696. Appellee is a mere volunteer. Kelly *v.* Mills, 41 ib., 267.

3. The decree is founded on the charge that appellants' deed is fraudulent and void as to creditors. It decides not only that the judgment is a superior lien, but it *declares the deed fraudulent and void as to creditors*, to all intents and purposes. In this it is clearly erroneous. Having become a *creditor sub-*

*sequent* to the vesting of appellants' rights, under their deed, *he cannot impeach the deed on the ground that it was made to defraud creditors, unless he show that it was made with an actual intent to defraud him or other subsequent creditors.* Sumers *v.* Ross, 42 Miss., 748, 789 ; Bullett *v.* Taylor, 34 ib., 708 (dissenting opinion) ; Winn *v.* Barnett, 31 ib., 658 ; Hilliard *v.* Cagle, 46 ib., 342 ; 8 Wall., 372.

The declarations of Chears after his sale of the land are not to be taken against his vendees as to the *bona fides* of the sale, not being made with the knowledge and assent of them. Farmers' Bank *v.* Douglass, 11 S. & M., 683.

*J. M. Eckford,* on the same side.

*Houston & Reynolds,* for appellee :

1. If the attachment of appellee was levied prior to the conveyance to Loughridge & Bogan, or if the conveyance was made with intent to hinder, delay, or defraud creditors, and Bowland was a creditor at the time of the conveyance, the injunction should be dissolved. We release the 5 per cent. damages.

2. The cause was heard in the chancery court, *not on motion to dissolve the injunction,* but it was set down for hearing by appellants on bill, answer, exhibits, and proof. The court decreed that, as the equity of the bill was not sustained by the testimony, the bill be dismissed and the injunction be dissolved.

3. It is pretended that the deed was executed in February, 1866, to Loughridge & Bogan. The attachment was levied March 3, 1866. The deed was executed really in April, 1866. Chears says Billingsly attached in December, 1865, while he was in Tennessee ; that he *never returned to Mississippi only at the times the court would be in session,* referring to the circuit court of Pontotoc county, where Billingsly's attachment suit was pending, which was held the third Mondays in March and September. (See Acts of 1858, p. 61.)

If the deed was executed in Loughridge & Bogan's store, in Pontotoc county, Mississippi, and Chears was absent from Mississippi until the spring term, 1866, of the Pontotoc

circuit court, it follows that the deed could not have been executed until about the middle of April, and yet it bears date February 7, 1866, but not acknowledged until some time in March. If Chears is worthy of belief, the attachment was levied before the deed was executed, and the vendees took the land burdened with the attachment lien of Bowland. In this view of the case the decree is correct. But the testimony shows that the conveyance was made for fraudulent purposes. Chears says *that Bogan was holding his land for him to keep off executions.* This, with the other testimony, establishes the fraud beyond all question.

4. The deed was not acknowledged according to law; the subscribing witness, Dillard, does not prove (swear) that the grantor signed, sealed, and delivered the deed. The registration of a deed not authenticated according to law is no notice. The registration is a simple nullity. Tilman *v.* Cowan, 12 S. & M., 262; Work *v.* Harper, 24 Miss., 517. Bowland states that he had no notice of the conveyance until after the levy of his attachment; and there is no testimony in conflict with it. "No mere rumor of the existence of an unrecorded deed is sufficient." 59 Penn., 169. The only change was in the ownership, and the creditors had no notice of that, either actual or constructive, and as to them the deed is void. Dixon *v.* Doe, 1 S. & M., 70; Picket *v.* Bank, 11 ib., 445; Henderson *v.* Downing, 24 Miss., 106; Harper *v.* Tarpley, 35 ib., 506; Veazie *v.* Parker, 23 Me., 170; Smith *v.* Tule, 31 Cal., 184; Barkart *v.* Greenshielf, 28 Eng. Law & Eq., 77; Neve *v.* Neve, 2 Lead. Cases Eq., 167, 168.

5. The levy of the attachment is a substantial compliance with the statute. Saunders *v.* Cal. Life Ins. Co., 43 Miss., 595; Rankin *v.* Dulaney, 43 ib., 193.

6. If there was no service on Chears, and no publication, and the attachment was levied on the land, the judgment *in rem* is not void, but simply irregular, and, while it might be reversed on appeal, it cannot be collaterly impeached. The general rule is "that in all actions *in rem* a levy on the prop-

erty is notice to all persons of the levy, and they must take notice at their peril." The judgment without notice is not void, but merely erroneous. Paine *v.* Moreland, 15 Ohio, 435 ; Williams *v.* Stewart, 3 Wis., 737 ; Beech *v.* Abbott, 6 Vt., 167 ; 34 Miss., 146 ; 24 ib., 655.

7. Was Bowland an existing creditor at the time of the conveyance ? The note was executed by Chears, with Bowland as surety, February 25, 1861. It was paid by Bowland a few days before the suing out of the attachment.

The rule is that a surety is subrogated to all the rights of the creditor whose claim he has paid, and, as creditor, is referred back to the obligation he has discharged ; and though he may discharge an obligation after the fraudulent deed is executed, yet if the debt bore date previous to such deed he is an existing creditor, and may impeach it. George's Dig., 606, art. 65 ; Bump on Fraud. Con., 489 ; 11 Leigh, 136 ; 4 Metc. (Ky.), 139.

SIMRALL, C. J., delivered the opinion of the court.

The decision of this case depends on the solution of these questions :

1. Was the sale and conveyance by J. N. Chears to Loughridge & Bogan anterior to the levy of Bowland's attachment, and did the latter have notice of it?

2. Was the conveyance *bona fide*, or fraudulent as to creditors of Chears?

3. Was Bowland a creditor of Chears at the date of the conveyance ?

The deed purports to have been dated the 7th of February, 1866. Not having been acknowledged or proved, as required by law, the filing of it for record on the 12th of March, 1866, under the imperfect and insufficient proof by the subscribing witness, did not impart to the instrument and those claiming under it the benefits of notice to creditors and purchasers.

Bowland's attachment was levied on the land early in March, 1866. The improvident filing of the deed on the 12th of April

in the probate clerk's office, and its actual registration on the 17th of that month, did not impart notice to creditors.

The appellee, Bowland, insists that the deed was not executed until about the 12th or middle of April; but that it was ante-dated, as of 7th February, so as to give it an earlier date than the levy of the attachment.

Loughridge and Bogan, in their testimony, fix the execution of the deed at its date, and the place, their storehouse at Bir-mingham, Pontotoc county. We think that the weight of the testimony clearly proves that the conveyance was made on the day of its date.

Did Bowland have actual notice of the sale before the levy of his attachment?

If Loughridge & Bogan had openly taken and held posses-sion, or if there had been a change of occupants so as to have arrested notice and attention, then they might invoke the principle laid down in Doe ex dem. v. Lacoste, 1 S. & M., and the subsequent cases.

Possession by the vendee under an unrecorded deed is notice to creditors. Possession is a badge of ownership and evidence of a right. If the debtor has parted with the possession, a creditor is interested to know the nature and extent of the right, and is therefore put upon inquiry and is esteemed to know the truth to which investigation would lead.

But, that possession may have the effect of protecting the title under which it is held, it must be of that character which would arrest attention. The ceremony of livery of seizin was performed openly, in the presence of the freeholders, for the purpose of attesting the act. Registration was adopted as a substitute, for the purpose of conclusively imparting notice.

Shortly after the passage of the registration law in England the courts held, as within its reason and intendment, that whatever communicated information to a creditor or purchaser of a prior conveyance bound his conscience and accomplished what the law designed. Possession was laid hold of as a cir-cumstance from which notice may be inferred; but, like other

inferences, it depends for its force on the nature of the fact from which it is deduced. The reason which underlies the doctrine is that it is a fraud—an act of *mala fides*—for a creditor or purchaser who had knowledge of a prior sale and purchase to attempt to defeat the purchaser's right by getting his estate.

Whenever it is sought to establish notice inferentially, the facts proved ought to be emphatic and distinct. Hence the observation of the court in Norcross v. Ridley, 2 Mass., 605 : "Where a prior conveyance is attempted to be supported by fraud in the second purchaser, the fraud must be clearly proved." Meechen v. Griffing, 3 Pick., 154 ; Jackson v. Sharp, 9 Johns., 190 ; Day v. Dunham, 2 Johns. Ch., 190 ; Jones v. Lygins, 37 Miss., 546.

There was no change in the occupancy of the land. At the time of the sale Chears was in possession, by his tenants. After the sale the same tenants continued to hold, on an agreement to pay rents to Loughridge & Bogan. Nothing more occurred than a technical attornment of the tenants to them. There was a transfer of the title, but no *change of possession* that a stranger could observe. The actual occupancy in March and April, after the sale, was just as it had been the prior months of the year. In all this there was nothing to arrest notice or to put a creditor or purchaser on inquiry.

Did Bowland have actual notice ? In the answer he says he had no knowledge of the deed until he had attached the land. Some witnesses speak of a rumor of the sale in the neighborhood ; but when started, whether before or after the attachment was served, was not proved.

There was less than a month for the rumor to have become current, between the execution of the deed and levy of the attachment. He admits that he heard the rumor, but denies information or knowledge until the April term, about the 12th or 15th of the month. The creditor, or subsequent purchaser, must be so bound in conscience, by notice, as that *mala fides* could be imputed to him if he should take the estate against

the prior vendee. In Jackson v. Given, 8 Johns., 139, the effort was to charge the subsequent purchaser upon stronger evidence of report or rumor than in this case. Williams, the junior purchaser, had recorded his deed first, but the testimony was, "that he had understood that Humphrey had fooled away the lot and had sold it several times; he did not consider it worth his trouble to look after it."

KENT, C. J., said: "This conversation, unaccompanied with other circumstances, is too loose to justify the inference of notice." Mere suspicion is not enough to break in on the registry act. Hine v. Dodd, 2 Atk., 275; Jolland v. Stainbridge, 3 Ves., 478. The notice must come from some responsible person; a mere floating rumor, by irresponsible persons, may be disregarded. Waites v. Cooper, 24 Miss., 228. Whatever puts a party on inquiry amounts in judgment of law to notice, provided inquiry be a duty (as in case of a purchaser or creditor), and would lead to a knowledge of the requisite fact by the exercise of ordinary diligence. Maul v. Rider, 7 Watts, 267. But, as ruled in Maul v. Rider, 59 Penn. St., 172, general rumor does not impose the duty of inquiry. Knowledge of such rumor is neither actual nor implied notice; investigation into its truth is not a duty. "There must be some declaration from an authentic source, which it would be negligence to disregard, to put a party on inquiry." The only notice brought home to Bowland, earlier than April, is of the character discussed in these cases, and declared to be insufficient. We think the doctrine is sound.

The testimony fails to establish express or implied notice to Bowland before he attached. Bowland impeached that conveyance because it does not, as he alleges, rest upon a valuable consideration; but the testimony is, that the sale was made in satisfaction of Chears' debt to Loughridge & Bogan; and upon the further ground that it was intended to operate as a mortgage, or that there was some benefit in secret trust to the grantor, and some statements or admissions of Chears were

·put in evidence—as that he made the conveyance to defeat Billingsly.

But quite all of these declarations were after his deed to the complainants, and are not competent evidence against his vendees. The same observation applies to other statements, such as that the sale was a sham, and of his right to take back the property.

But it is argued for the appellees that Bowland was not a creditor of Chears at the date of the sale to them, and therefore they have an older and superior equity to him.

Bowland was the surety of Chears on a note made in 1861, and held by Mrs. Maxwell, the executrix of one Collins, the payee. About the 1st of March, 1866, he took up this note, partly with cash, and by giving his own note with surety for the balance.

Whether the surety is esteemed the creditor of his principal from the date of his suretyship, or the date of payment of the debt, depends very much on the character of the remedy or redress which he may seek.

Undoubtedly for all purposes he is a creditor from the time of payment. At that moment a cause of action for reimbursement becomes complete by action at law or in equity, for substitution to the securities held by the original creditors. Lee v. Griffin, 31 Miss., 638; Starke v. Lewis, 10 S. & M., 120; 37 Miss., 452. Against which the statute of limitations begins to run from the day of judgment. 48 Miss., 140.

But for some purposes the surety is the creditor of his principal from the time he incurred the obligation for him. Under the statute of frauds and perjuries (13 Eliz., ch. 5), and the American statutes framed on that original, a very broad latitude has been indulged in determining who are creditors, and, as such, may be injured by a fraudulent conveyance or other covinous act. An accommodation indorser and surety are treated as creditors from the time they indorsed or signed the note, and may set aside a fraudulent conveyance executed by the principal after becoming so liable, and before

payment of the debt. Pennington *v.* Seal, 49 Miss., 525, and cases cited. If the deed to Loughridge & Bogan had been contrived of covin and fraud meditated against creditors, we would be well warranted in holding that Bowland was a creditor of Chears, although he took up the note after the sale. Pennington *v.* Seal, 49 Miss., 525.

The doctrine is manifestly just. Cogent reasons might be urged, if it became necessary, for the application of the same doctrine under the registry statute. That statute makes void, as to creditors and subsequent purchasers, all secret sales and conveyances of lands. If the deed is not recorded, and the creditor does not otherwise have notice, as to him it is utterly void. The argument of counsel implies that if Mrs. Maxwell, on the facts in the record, had attached the land, she must have prevailed, because she did not have actual notice, nor was the deed recorded, because she was an *existing creditor* at the date of the sale.

When Bowland became bound as surety there sprang up at once the contingent liability to him, on the part of Chears, that if he paid the debt then Chears would indemnify or reimburse. The contingent undertaking became absolute on the act of payment, but it existed all along. Upon that theory of responsibility the courts have determined that a surety was a creditor of the principal, within the statute of frauds, from the moment he engages for him. The "act in relation to principal and sureties" (Code, 1857, pp. 362, 363) gives full and distinct expression to that idea (ib., §§ 2257–2261, Code, 1871), especially art. 3 of the former Code (§ 2259 of the latter), which provides that when the surety "shall pay" or tender what money or other thing is due by any writing, such "creditor" or "holder" shall assign such writing to the surety or indorser, and such assignee shall have an action in his own name against the principal debtor on the writing. That is, the note, or bond, or other writing—the memorandum of the debt—shall not be extinguished, but shall continue in force against the principal debtor for the surety or assignee.

If, therefore, it were necessary to decide the question whether Bowland sustained to Chears the relation of creditor and debtor at the date of the conveyance, there is much force in the suggestion that he should be esteemed as having that character from the date of his original obligation. On that point, however, we advance no opinion. The registry act declares all deeds unrecorded void as to all creditors without notice. Code, § 2304. The statute is broad and sweeping, making no exception in favor of those that are *bona fide* and for valuable consideration. Like a tyrant, the statute denounces voidness of "all bargains and sales, and all other conveyances whatever, of lands * * * as to creditors * * * without notice, unless recorded," etc. But the statute has been construed to mean creditors who have obtained a specific right against the property, such as a lien by attachment and judgment.

Before the creditor can object to the conveyance he must have a right to proceed against the specific land for satisfaction of his debt. That right is secured by seizure under attachment or judgment, both of which are liens.

It has been uniformly held in this state that the creditor must have notice of the unrecorded deed *before* he acquires a lien by the service of an attachment or recovery of judgment. The service of the attachment is the seizure of the thing by the officer of the law, so that the judgment and sale relates back to the levy, and the purchaser's title takes effect from that date. Mandeville *v.* McLure, 14 S. & M., 11; Redus *v.* Wofford, 4 ib., 579; Gray *v.* Perkins, ib., 622; 43 Miss., 583; 24 ib., 106; Harper *v.* Tapley, 35 ib., 506; Taylor *v.* Lowenstein, 50 ib., 281.

The same construction has been placed on a similar statute in other states. Stanly *v.* Perley et al., 5 Me., 373; Coffin *v.* Ray, 1 Metc., 214. In the case last cited, and Priest *v.* Rice, 1 Pick., 164, the court regard the attachment of land as in the nature of a purchase, and the attaching creditor affected with notice of a prior conveyance in the same manner as a

purchaser. Notice to a purchaser after he has obtained the title is too late and does not bind his conscience.

Bowland obtained his lien before, as we have seen, he had notice of the sale and conveyance to Loughridge & Bogan.

The statute may receive this paraphrase : A purchaser must record his deed at his peril, for if he does not it shall be void as to that creditor of the vendor who acquires a lien on the property before he gets notice of the sale. Within the meaning of the words, as construed by the courts, the creditor has established his right to satisfaction of his debt out of the property if he has obtained a lien before he receives notice of the conveyance.

The statute does not say *totidem verbis* that the debt must have had an existence at and before the date of the sale. To hold that such is the intendment would lead to mischievous consequences.

Suppose that Loughridge & Bogan had withheld their deed from record four or five years. Chears might have continued to get credit on the faith of his continued ownership of the property, and it would be very difficult, indeed quite impossible, to point out a superior equity in favor of those who gave credit before the secret sale over those who did so afterwards.

Both may be said to have dealt with him on the faith of the property. What peculiar efficacy can be ascribed to a prior creditor over a subsequent one, if both are ignorant of the conveyance? Each acts on the predicate that the apparent is the real condition of things ; each would be loser if the property were not liable. But there would be a wide distinction if one creditor had notice and the other had not. With the former, the property would not have been the basis of credit ; with the latter, it might have been. But it was said in Priest *v.* Rice, 1 Pick., 167, " if the conveyance was valid for want of registry, it would be immaterial when the debt accrued."

There is but one class of creditors who may avoid an unregistered deed—those who have obtained *liens* without notice ; subsequent notice no more affects them than it would a pur-

chaser who got the title before notice.   Farnesworth v. Childs,. 4 Mass., 641; Brown v. Maine Bank, 11 ib., 158.

It is of no value to inquire into the priorities of the dates of the several debts, whether contracted before or after the secret sale.

The statute makes void the deed as to each one of them who obtains a lien by judgment or attachment without knowledge of the sale, and for no others.

In Ohio unregistered mortgages are absolutely void as against purchasers and creditors ; however formal and full will not give preference to the mortgage.   Stanly v. Roberts, 13 Ohio 148.

But it has been held in Alabama, where the statute makes the unregistered deed void against creditors, without making any exception in cases of notice, that the exception will be implied, and notice before judgment will give a superior equity to the vendee, and defeat the lien.   Ohio Life Ins. Co. v. Ledyard, 9 Ala., 436.

There has been no vacillation in this state—that notice before judgment will prevent the lien, but notice after judgment has no such effect, whether given to the creditor or purchaser under the judgment.   Henderson v. Downing, 29 Miss., 106, and cases before cited.

We conclude, therefore, that, as Bowland had no notice of the deed when his attachment was levied, notice subsequently obtained did not impair the superior right of his lien, and that he could proceed to sale of the land to pay his debt. Claiborne v. Holmes, 51 Miss., 146, and Humphries v. Merrell (MSS.).

The return on the attachment is irregular, and might have been quashed on motion, but it is not void when drawn in question collaterally.   Saunders v. Life Ins. Co., 43 Miss., 598.   Nor would irregular process, or the service of it on Chears, be void.   41 Miss., 361; 43 ib., 503.   Nor would irregular publication, or an omission to publish, make void the condemnation of the thing attached.   15 Ohio, 433; 10.

Wall., 308; Calhoun *v.* Ware, 34 Miss., 146; Ridley *v.* Ridley, 24 ib., 655.

Decree affirmed, except so far as to declare the deed of Chears, Loughridge, and Bogan fraudulent and void.