## CHARLES E. LEVY *v.* ANNA HOLBERG.

NOTICE. *Unrecorded deed. Possession by tenant.*

Possession of land, to be notice of an unrecorded title of the owner, need not be by his personal occupancy; possession by his tenant will be as effectual. *Bratton* v. *Rogers*, 62 Miss. 281, cited.

FROM the chancery court of Noxubee county.

HON. T. B. GRAHAM, Chancellor.

The appellee, Anna Holberg, exhibited this bill, seeking to enjoin the sale of the land in controversy under execution upon a judgment in favor of appellant, Charles E. Levy. The facts are stated in the opinion of the court. The decree of the court was in favor of complainant, enjoining the execution, and from this decree the defendant appeals.

*J. E. Madison*, for appellant.

1. Judgment creditors and innocent purchasers are protected alike. Code 1880, § 1212; 64 Miss. 355; 61 Ib. 402; 58 Ib. 846; 42 Ib. 18; 52 Ib. 92; Ib. 546; 58 Ib. 465.

2. The possession of Mrs. Anna Holberg was not such as to give appellant notice. The actual occupant was Jacob Holberg, and the records showed Jacob and Mrs. Holberg, the appellee, to have been tenants in common. Circumstances to prove notice must be positive, distinct and emphatic. 51 Miss. 156; 52 Ib. 546.

The change of possession must be such that a stranger could observe it, and the facts must be such as to arrest notice or put a creditor or purchaser on inquiry. Wade on Notice, §§ 288–289.

Jacob Holberg, who was in possession when the judgment was rendered, under his deed to one-half of the lot would not be allowed to protect himself under this deed, if he had been the vendee of the other one-half interest under an unrecorded deed. How, then, could Mrs. Anna Holberg, who was not in actual possession, and who was a stranger apparently to this holding be protected?

*Frank A. Critz*, for appellee.

The possession of Jacob Holberg, as tenant of himself and Mrs.

Anna Holberg, the general owner when the judgment was ren-
dered, was equivalent to notice of complainant's deed under which
she held her half interest.

We admit that the possession of one co-tenant is usually posses-
sion of them all, and possession is presumed to be in subordination
to the legal title; but these rules only apply between the co-ten-
ants themselves and between the possessor and the real owner.
But in no case is possession presumed to be subordinate to the
records when the records show a deed to or a deed from the pos-
sessor, and if the records show a recorded deed in favor of one in
possession, the presumption is that the possession is in accord with
the record; but not so in any other case. Therefore Jacob Hol-
berg's mere possession as tenant of Mrs. Holberg's half interest
was notice to the world of her deed. 1 Am. and Eng. Encyc. L.
232, 233; *Florence* v. *Hopkins*, 46 N. Y. 182; *Culver* v. *Rhodes*,
87 Ib. 348.

If Jacob Holberg's possession would protect him in the event
the unrecorded deed were to him from Moses Holberg, for the
same reason the possession of Mrs. Anna Holberg's one-half in-
terest by Jacob Holberg as her tenant will protect her.

There is nothing in the argument that the adverse possession
must be exclusive. It is only required to be exclusive as to the
interest claimed. Appellee's possession through her tenant was
exclusive as to her undivided interest.

WOODS, C. J., delivered the opinion of the court.

The agreed statement of facts on which this case was submitted
discloses its character fully.

In 1868, one Moses Holberg conveyed by proper deed an undi-
vided half interest in a certain lot in the town of Macon to appellee,
and appellee, by her several tenants, has been continuously and
openly in possession of said property from that time until the time
of the filing of the bill in the case. Appellee was assessed with
the property and paid the taxes thereon during that whole period;
she had the policies of insurance on the building on said lot in her
own name, and paid the premiums on such policies; she collected

the rents due from the tenants on her half interest; and, on the occasion of the destruction by fire of the house on said lot several years ago, she joined her co-tenant in rebuilding on the lot, and paid $2000 as her proportionate expense of such rebuilding. In 1876, Moses Holberg by his deed conveyed the other undivided half interest in said property to one Jacob Holberg, and said Jacob Holberg and the appellee, Anna Holberg, have remained co-tenants in equal parts of said lot ever since; and before appellant recovered judgment, or levied execution, Moses Holberg, the grantor, removed from the premises, and his possession was wholly abandoned. It likewise is agreed that the deed from Moses Holberg to appellee, of date October 1, 1868, was not filed for record until the 24th day of January, 1883, and was only recorded on the 2d day of February, 1883.

It is agreed that appellant recovered judgment in Noxubee circuit court against Moses Holberg, in a large amount, on the 21st day of February, 1882, and that an execution upon said judgment was levied upon the undivided half interest of appellee in said lot in the year 1888.

We find it necessary to consider this question, only : Is the possession of the tenant notice of the unrecorded title of the landlord? Was Levy, the appellant, affected with notice of appellee's title, by possession, appellee not being in occupancy of the premises in person, but by tenant?

While there is some contrariety of judicial opinion touching this point, in the light of reason it would seem that the tenant's possession should be notice, ordinarily, of his landlord's title. The possession of the tenant is the possession of the landlord, and possession of the holder of an unrecorded deed, open and notorious, being notice of such occupant's title, it is difficult to see why the occupancy and possession of a tenant, under a landlord having an unregistered conveyance, shall not be held notice also. The possession of an owner holding under an unrecorded deed suggests to the would-be purchaser inquiry into the circumstance of such holding without record title, and puts him upon search as to the real state of the title. Such possession, therefore, is properly held notice

to the subsequent purchaser of rights vested in such occupant, though not disclosed by record. Can any one see why the possession of a tenant, a real owner, under an unrecorded deed, will not likewise suggest rights in some one not disclosed by any record, and put the would-be purchaser upon inquiry as to the nature of the tenant's possession, with the reasonable certainty of ascertaining the true condition of the title, equally as if the owner himself were in possession, and inquiry had been made as to the nature of his occupancy?

In either case, the purchaser has sufficient evidence to put him upon inquiry, and the presumption is that such inquiry will disclose the real state of the title. Of course, it may be added, such presumption may be destroyed by evidence of inutility and fruitlessness of such inquiry.

This doctrine was intimated by this court in *Loughridge* v. *Bowland*, 52 Miss. 546, and distinctly announced in *Bratton* v. *Rogers*, 62 Ib. 281, and is clearly correct.

*Affirmed.*