BERTA STEVENS *v.* WILLIAM J. MAGEE.

1. SUPREME COURT. *Chancellor's finding. Conclusiveness.*

A chancellor's decision on the facts of a case will be sustained by the supreme court unless it be manifestly wrong.

2. JUDGMENT LIEN. *Notice of prior deed. Tenants. Changes of possession.*

In order for a change of possession of lands, occupied by tenants, to constitute notice of a sale by the defendant in execution to a vendee in an unrecorded deed, it must be such a change as is calculated to arrest attention and put creditors and subsequent purchasers upon inquiry.

FROM the chancery court of, first district, Hinds county.

HON. HENRY C. CONN, Chancellor.

Stevens, appellant, was complainant in the court below; Magee, appellee, was defendant there. From a decree denying complainant relief she appealed to the supreme court. The facts are fully stated in the opinion of the court.

*Brame & Brame,* for appellant.

It is a universal rule that the actual possession of property under a deed or claim of title is notice to the world of the rights of the possessor, and it is wholly immaterial whether any particular individual has actual knowledge of the fact of such possession. The possession itself, if open and under

claim of right, is notice to the world, and is better notice than any mere record which furnishes only constructive notice.

Under the facts the following propositions are not and cannot be disputed:

1. That complainant, in good faith, bought and paid for this property and received a deed therefor June 29, 1901.

2. That under this deed, at the time of her purchase, she went into the actual possession of the property and began the collection of rents and making of improvements thereon.

3. That this possession was open, visible and continuous under claim of title.

From this the irresistible conclusion is that the defendant, who at that time did not even have a judgment against the original owner, was charged with notice arising from the facts stated. Counsel for defendant relies entirely upon the case of *Loughridge* v. *Bowland*, 52 Miss., 546, or rather upon the loose and inaccurate language of the judge who delivered the opinion of the court in that case. At the outset we call the attention of the court to the fact that the court says in that case that "nothing more occurred than technical attornment of tenants." Assuming the decision to be sound, a consideration of the facts of this case shows how utterly dissimilar it is to the facts of that case. Whereas, there, nothing more occurred than technical attornment of the tenants, in this case the purchaser took actual and open possession and made improvements, put in waterworks and paid the water rates, and obtained permission from other adjoining owners to cut away the limbs of an overhanging tree, and long before the recovery of defendant's judgment there was a change in the tenants themselves, and entirely new tenants (Tom Sykes) going in and paying rent before any of the defendant's rights accrued.

It has universally been held that possession of property by the grantee is equivalent to notice. *Dixon* v, *Lacoste*, 1 Smed. & M., 70; *Halls* v. *Thompson, Ib.*, 443; *Wilty* v. *Hightower*, 6 Smed. & M., 345; *Walker* v. *Gilbert*, 7 Smed. & M., 456;

*Humphries* v. *Bartee*, 10 Smed. & M., 282; *Jones* v. *Loggins*, 37 Miss., 546; *Perkins* v. *Swank*, 43 Miss., 349; *Stovall* v. *Judah*, 74 Miss., 747.

It is a universal rule that the possession of a tenant is the possession of the owner. *Heirmann* v. *Stricklin*, 60 Miss., 234; *Fultz* v. *Peterson*, 78 Miss., 128, 132.

"It has been settled by numerous cases in this state, commencing with *Dixon* v. *Lacoste*, 1 Smed. & M., 70, that the open possession and occupancy of land by the vendee is implied notice of his rights." *Strickland* v. *Kirk*, 51 Miss,, 795; *Perkins et al.* v. *Swank et al.*, 43 Miss., 349; *Bell* v. *Flaherty*, 45 Miss, 694.

"We are cited to *Hiller* v. *Jones*, 66 Miss., 636, but that case holds that possession of land under an unrecorded deed was the equivalent of registration of the deed while the possession lasted under it, but that where the record shows a perfect chain of title the purchaser need not look to a former occupancy of the land under a deed of which such party had no notice. In this case the contention is that Stovall occupied the land all the time from his purchase up to the bringing of this suit. Wherefore, by the rule above laid down, Stovall's possession was equivalent to registration of the deed all the time." 74 Miss., 756.

In *Levy* v. *Holberg*, 67 Miss., 527, it was held that possession of land to be notice of the unrecorded title of the owner need not be by his personal occupancy, and that possession by his tenants will be as effectual. In that case counsel for appellant made the same argument that is made for the appellee in this case. In his brief he stated: "The change of possession must be such that a stranger could observe it, and the facts must be such as to arrest notice, or put a creditor or purchaser on inquiry." Wade on Notice, secs. 288, 289. But the court repudiated this doctrine, and in its opinion used the following language: "The possession of an owner holding under an unrecorded deed suggests to the would-be purchaser inquiry

into the circumstances of such holding without record title, and puts him upon search as to the real state of the title."

*Williamson, Wells & Croom*, for appellee.

In the case of *Loughridge & Bogan* v. *Bowland*, 52 Miss., 546, this court held that, if possession had been openly taken and held, or if there had been a change of occupants, so as to have arrested notice and attention, the principle laid down in *Dixon* v. *Lacoste*, 1 Smed. & M., 70, might have been invoked; but the court also decided as follows: "But that possession may have the effect of protecting the title under which it is held, it must be of that character which would arrest attention. The ceremony of livery of seizin was performed openly, in the presence of the freeholders, for the purpose of attesting the act. Registration was adopted as a substitute, for the purpose of conclusively imparting notice. . . . . Whenever it is sought to establish notice·inferentially, the facts ought to be emphatic and distinct."

After the sale by Stockton to Stevens, June 26, 1901, there was no change in the occupancy of the land. At the time of the sale Kate E. Stockton was in possession by her tenants. After the sale the same tenants continued to hold ·and pay rent to the same agent, who gave receipts in his own name. There is no proof to show when, if ever, the tenants were informed of the sale. There was a transfer of the title, but no change of possession that a stranger could observe. In all that occurred there was nothing to arrest notice or put a creditor or purchaser on inquiry.

There was a serious dispute as to the fact of such possession by Bertha Stevens in this case, and it was a litigation on the facts, not on the law. The law is well settled, and the facts were determined by the chancellor, rightly, in favor of the judgment creditor.

Argued orally by *L. Brame*, for appellant, and by *B. H. Wells*, for appellee.

TERRAL, J., delivered the opinion of the court.

On the 26th day of June, 1901, Mrs. Kate Stockton, who owned the premises here in question, and had owned them for about a year preceding, sold and conveyed them to Berta Stevens by written conveyance, which was duly executed, but the conveyance was not filed in the office of the chancery clerk at Jackson until the 7th day of October, 1901. The premises consisted of three single room houses and one double room house, then occupied by colored tenants of Stockton. On September 12, 1901, W. J. Magee, before a justice of the peace of Warren county, who had jurisdiction of the suit, recovered a judgment against Kate Stockton for $214.04, an abstract of which was filed in the office of circuit clerk of the first district of Hinds county (the Jackson district), and was duly enrolled upon the judgment roll of said office on the 14th day of September, 1901. An execution upon this judgment was soon thereafter levied upon the premises, and the sale thereof about to be had thereunder, when this injunction suit was brought by Stevens to prevent a sale thereof. From a dissolution of the injunction, this appeal is had.

The question to be determined is, which has priority of right —the conveyance to Stevens, or the lien of the judgment of Magee? The bill of appellant required of Magee an answer under oath, and, so answering, he denied any knowledge of the conveyance of the premises to appellant. Complainant also alleged that the several houses situated upon the premises (four in number) had been in her possession since her purchase of them, and that there had been a change of tenants of these premises since she bought them of Mrs. Stockton. These allegations were denied by Magee. A change of the tenants of any one of the four houses after June 26th, and before September 14, 1901, is not proven. If, upon the slight evidence on that point contained in the record, it became a question of importance, the decision of it by the chancellor against the contention of appellant must be concurred in, as

the evidence preponderated against her. It is a rule that a chancellor's decision of the facts of a case is to be sustained unless it appears to be manifestly wrong. Mr. W. T. Stevens, the agent of appellant in the purchase of the premises, stated that he could not swear to any change of tenants, and he also stated that he could not swear that any of the tenants on the premises knew that the land and buildings had been purchased of Mrs. Stockton by appellant.

The only remaining question appears to us to be determined by the decision of this court in *Loughridge* v. *Bowland*, 52 Miss., 546. It is there held that, in order to constitute notice of a sale of premises by a possession of them by tenants, there must be such a change of possession as to arrest attention, and to put creditors and subsequent purchasers upon inquiry. The case there differed from the case here only in the fact that Magee is pursuing a lien acquired by the enrollment of his judgment, and in the case in 52 Miss., the creditor was pursuing a lien by the levy of an attachment. The principle underlying the cases is the same. The *Loughridge-Bowland case* is vigorously attacked here as unsound. It was, however, decided by this court when composed of three very distinguished judges. It is indirectly supported by many authorities. *Dey* v. *Dunham*, 2 Johns. Ch. 182, 189; 3 Mass., 575; *McMechan* v. *Griffing*, 3 Pick. 149, 15 Am. Dec. 198. We do not feel at liberty to overrule it.

We sympathize with the purchaser in her loss, in not filing her conveyance for record, but diligent creditors cannot be devested of their legal rights.

*Affirmed.*