KALMIA REALTY & INS. CO. *et al. v.* HARDY.

(Division A.   Jan. 9, 1933.)

[145 So. 506.   No. 30341.]

Gabe Jacobson, of Meridian, and **Shannon & Schauber,** of Laurel, for appellants.

314

**A. B. Amis, Jr.,** of Newton, for appellee.

Argued orally by **Gabe Jacobson,** for appellant, and by **A. B. Amis, Jr.,** for appellee.

**Smith, C. J.,** delivered the opinion of the court.

This is a suit in equity wherein the appellee seeks to cancel a claim of the appellant to real property, which the appellee alleges is a cloud on his title thereto. The case was tried on bill, answer, and proof, and there was a decree in accordance with the prayer of the appellee's bill of complaint. The essential facts disclosed by the pleadings and the evidence are, in substance, as follows: The property was owned by, and in the possession of, Russell, who conveyed it, for a valuable consideration, to the appellee in June, 1928; but the deed from Russell to the appellee thereto was not recorded until some time in January, 1930. In December, 1929, two judgments were rendered against Russell and enrolled in the county wherein the property lies. On August 5, 1930, executions were issued on these judgments, the property sold thereunder, and purchased by the appellants. Neither the judgment creditors nor the appellants knew of the sale of the property by Russell to the appellee. The

property consists of a small plot of ground on which there is a building, which, while Russell owned it, and continuously thereafter, was used partly as a residence and for the operation of a gasoline filling station and a grocery store. The filling station was and is known as the "Gulf Service Station;" a large sign to that effect being conspicuously displayed thereon. Russell was in possession of the property by a tenant, who lived thereon and operated a filling station and grocery store. When the appellee purchased it, a change was made in the person of the occupant, but the business continued to be operated in the same way as theretofore under a tenant or occupant holding under an accounting to the appellee.

The question for decision is whether the appellee was in such possession of the building as to charge the appellants with notice thereof.

The possession of real property is constructive notice of the title of the occupant to the same extent as that imputed by the record of a deed to him thereto. Dixon v. Doe ex dem. Lacoste, 1 Smedes & M. 70; Bolton v. Roebuck, 77 Miss. 710, 27 So. 630. And the possession of a tenant is not only notice of his title thereto, but is also notice of that of his lessor. Levy v. Holberg, 67 Miss. 526, 7 So. 431. The only limitation on this rule is that the possession of the tenant, in order to constitute notice of his lessor's title, must begin after the lessor acquired his title. Loughbridge v. Bowland, 52 Miss. 546. This is in accord with the weight of authority elsewhere.

The appellants' contention is that the Loughbridge v. Bowland rule is unsuited to modern conditions, especially as applied to urban property where changes in the tenancy of buildings devoted to business purposes are frequently and usually accompanied by no such change in the use of the buildings as to attract attention and indicate that there has been a change in the ownership thereof. For these reasons, they say that Lough-

bridge v. Bowland should be either overruled, or that the rule therein announced should be so modified as to require the use to which the property is put by its new occupant to be such as of itself to indicate that there has been a change in the ownership of the property.

Practically the same objections to the Loughbridge v. Bowland rule existed when that case was decided as do now. It was decided more than fifty years ago after mature consideration, has been consistently adhered to since, and is in accord with practically all of the American authorities. Consequently, we should not overrule it even if we doubted its soundness, which we do not. To modify the rule, as suggested, would bring too great an element of confusion and uncertainty into its application, and no authority therefor has been called to our attention. In some jurisdictions no change in tenancy after the lessor acquires title is necessary; good reasons being given therefor. No hardship can result from refusing to modify the rule and continuing to hold persons who desire to purchase or obtain liens on property to the necessity of ascertaining whether or not it is in the possession of a person other than its owner; and, if so, what the title of the possessor is, and, if he claims under another, what the title of such other is.

Affirmed.